Anthony B. BENSON, Plaintiff,

v.

The MILWAUKEE ROAD, a Wisconsin corporation, Defendant.

Civ. A. No. 72–C–31.

United States District Court,
E. D. Wisconsin.

Feb. 14, 1973.

Joseph J. Welcenbach, Milwaukee, Wis., for plaintiff.

Rodger S. Trump and Richard R. Robinson, Milwaukee, Wis., for defendant.

## MEMORANDUM AND ORDER FOR DISMISSAL

REYNOLDS, District Judge.

The plaintiff Anthony B. Benson has filed an action for damages under the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq. Defendant moves to dismiss on the ground that the action is barred by the three-year statute of limitations set forth in 45 U.S.C. § 56. Defendant's motion is granted.

Plaintiff was employed by the defendant as a railroad repairman when on November 4, 1965, he suffered the injuries that are the subject of this action. His action for relief under the Federal Employers' Liability Act (FELA) was not filed, however, until January 20, 1972. To excuse his delay plaintiff alleges the defendant (1) took the initiative to process plaintiff's claim under the Wisconsin Workmen's Compensation Act, (2) set up meetings with commission examiners to discuss payment provisions with the plaintiff under the state act, (3) used forms provided by the compensation board and showed the same to the plaintiff, (4) used receipts referring to the Wisconsin Industrial Commission and had the plaintiff sign the same, (5) paid the plaintiff under the state act until the statute of limitations under the FELA had expired, and (6) withheld from the plaintiff any information as to his rights under the FELA until the statute of limitations under the FELA had expired. In his brief, counsel for plaintiff clarified that this last allegation meant only that defendant never informed plaintiff of his rights under the

FELA until the statute of limitations expired.

█ The issue is whether these allegations, if true, estop defendant from invoking the statute of limitations as a defense. Past decisions have established that fraud, misrepresentation, and deception which induce a plaintiff to delay filing his action will bar the defendant from asserting the statute of limitations in actions brought pursuant to the FELA. Burnett v. New York Central Railroad Co., 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965). Indeed, the plaintiff need not show actual fraud or fraudulent intent, nor need he show that he exercised due care in relying on the misrepresentation as long as it appears that he was justifiably misled. Glus v. Brooklyn Eastern District Terminal, 359 U.S. 231, 79 S.Ct. 760, 3 L. Ed.2d 770 (1959); Scarborough v. Atlantic Coast Line R. Co., 190 F.2d 935 (4th Cir. 1951); Fravel v. Pennsylvania R. Co., 104 F.Supp. 84 (D.Md.1952). Among the actions held to bar the assertion of § 56 are misrepresentations of the limitation period, misrepresentation of the defendant's intention to rely on the limitation period, and misrepresentation of the extent of the plaintiff's injuries. See FELA—Tolling Limitations, 16 A.L.R.3d 637, 652–657 (1967). Promises to take action, conduct calculated to induce the plaintiff not to investigate his legal rights, and, in fact, any wrong by the defendant which, absent estoppel, would unjustly benefit him, have also tolled other statutes of limitation. See Statutes of Limitation—Estoppel, 43 A.L.R.3d 429, 446–452 (1972).

█ But the allegations in this case do not mention any conduct found sufficient in the past, nor any conduct which could be held sufficient under principles enunciated in the past. On the contrary, the law is clear that the statute of limitations is not tolled simply because defendant has paid or is paying benefits under a state workmen's compensation act. Damiano v. Pennsylvania R. Co., 161 F.2d 534 (3rd Cir. 1947), cert. denied 332 U.S. 762, 68 S.Ct. 65, 92

L.Ed. 348 (1948); Sharp v. Montour R. Co., 195 F.Supp. 794 (D.Pa.1961); Ahern v. South Buffalo Ry. Co., 303 N. Y. 545, 104 N.E.2d 898, aff'd 344 U.S. 367, 73 S.Ct. 340, 97 L.Ed. 395 (1952). In the absence of other affirmative actions by defendant to prevent plaintiff from instituting this suit within the three-year period provided, I cannot find that defendant has estopped itself from asserting the statute of limitations. In view of this position, it is not necessary to decide defendant's other contentions.

It is therefore ordered that defendant's motion to dismiss this action be and it hereby is granted.