**Roger B. DAVIS**

v.

**NEWPARK SHIPBUILDING AND REPAIR, INC.**

**Civ. A. No. B–86–0327–CA.**

United States District Court,
E.D. Texas,
Beaumont Division.

April 28, 1987.

**156**

Richard H. Barker, Abadie, Harang & Colvin, Metarie, La., for plaintiff.

Francis I. Spagnoletti, Vinson & Elkins, Houston, Tex., Hubert Oxford, III, Benckenstein, Oxford, & Johnson, Beaumont, Tex., for defendant.

## MEMORANDUM OPINION

COBB, District Judge.

The plaintiff, Robert B. Davis, Jr., alleges that on February 18, 1983, he was injured while working on board the vessel known as the M/V ARCADIAN SEARCHER. Specifically, plaintiff contends that he suffered injury when the brakes on a winch slipped, causing the cable to run out unexpectedly, and throwing the plaintiff to the deck. Plaintiff initially filed suit in Harris County, Texas, against his Jones Act employers, Digicon, Inc., and Digicon Geophysical Corporation, as well the vessel M/V ARCADIAN SEARCHER. This action was settled on June 27, 1984.

In the present case, plaintiff filed suit against the repairer of the winch, the defendant Newpark Shipbuilding and Repair, Inc. Newpark was never joined in the prior case filed in Harris County, Texas. Newpark has moved for summary judgment, contending that plaintiff's cause of action is barred by limitations as set forth in 46 U.S.C. § 763a. For the reasons stated herein, the defendant's motion is hereby GRANTED.

46 U.S.C. § 763a prescribes the limitation period applicable to the present case, and provides that:

Unless otherwise specified by law, suit for recovery of damages for personal injury or death or both, arising out of a maritime tort, shall not be maintained unless commenced within three (3) years from the date the cause of action accrued.

It is well established that a cause of action for personal injury arises on the date of the injury. *See, H–10 Water Taxi Co. v. United States,* 379 F.2d 963, 964 (9th Cir.1967). Thus, plaintiff's cause of action arose on February 18, 1983, the date of his injury and the date the limitation period began to run. Plaintiff's complaint was not filed until March 24, 1986. Since more than three years have elapsed since plaintiff's cause of action accrued, plaintiff's claim is time barred. Accordingly, defendant's motion for summary judgment should be granted.

Plaintiff seeks to prevent summary judgment by impressing upon federal maritime law the application of the Louisiana law principle known as "Solidary Obligors." It is well established that maritime joint tort feasors are liable on a joint and several basis. *See generally, Drake Towing Co., Inc. v. Meisner Marine Construction Co.,* 765 F.2d 1060 (11th Cir.1985). However, in Louisiana, this type of liability is known as "solidarity." Solidary obligors have essentially the same rights and obligations; however, a judgment against one decides only his liability to the plaintiff, and suit against one solidary obligor interrupts or tolls the statute of limitations as to all other solidary obligors. *See, Sampay v. Morton Salt,* 395 So.2d 326 (La.1981); *Foster v. Hampton,* 381 So.2d 789 (La.1980).

Plaintiff's sole reliance on Louisiana law is misplaced. The judiciary has traditionally taken the lead in formulating flexible and fair remedies in the area of maritime law, and "Congress has largely left to [the federal courts] the responsibility for fashioning the controlling rules of admiralty law." *United States v. Reliable Transfer Co.,* 421 U.S. 397, 409, 95 S.Ct. 1708, 1715, 44 L.Ed.2d 251 (1975), citing *Fitzgerald v. United States Lines Co.,* 374 U.S. 16, 20, 83 S.Ct. 1646, 1650, 10 L.Ed.2d 720

(1963). *See also, Moragne v. States Marine Lines*, 398 U.S. 375, 90 S.Ct. 1772, 1774, 26 L.Ed.2d 339, 405 n. 17 (1970); *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 630–632, 79 S.Ct. 406, 409–11, 3 L.Ed.2d 550 (1959). Thus, this court need not rely solely upon Louisiana law as being determinative of the issue in this case. Louisiana law is not part of the federal maritime law, and does not state the general rule as to when the statute of limitations can be interrupted or tolled against joint tort feasors. Therefore, it should not be adopted as part of the jurisprudence under 46 U.S.C. § 763a.

■ As a general rule, the statute of limitations continues to run in favor of an alleged joint tort feasor until it is made a party to the suit. *See,* 8 A.L.R.2d 6, § 58, p. 120; 51 Am.Jur.2d, *Limitations of Actions*, §§ 272, 277, pp. 798, 800. *See generally, Forest v. Parmalee*, 60 Mich.App. 401, 231 N.W.2d 378 (1975); *Ciotte v. Ullrich*, 267 Mich. 136, 255 N.W. 179 (1934); *First State Bank & Trust Co. v. Ramirez*, 133 Tex. 178, 126 S.W.2d 16 (1939). In the instant action, the defendant Newpark was not made a party to the prior case in Harris County; therefore, the three-year limitation period continued to run on the claim against the defendant. This is not a case where the plaintiff should be allowed to amend his pleadings to add a joint tort feasor, and apply the doctrine of "relation back" to the date of the original petition. The plaintiff has filed a totally separate cause of action beyond the time allowed by the applicable statute of limitations, after having already sued and settled his claim against other joint tort feasors Digicon Inc., and Digicon Geophysical Corporation. Therefore, plaintiff's cause of action against the defendant Newpark is barred by limitations, the defendant's motion for summary judgment is hereby granted, and this cause of action is hereby DISMISSED WITH PREJUDICE.