[1] In this suit for silicosis damages, the issue is prescription of Earl H. Picone's claims against nine manufacturers of protective devices utilized by his employers. Picone's attorney filed a timely suit against executive officers of those employers. Almost twelve years later, Picone's subsequent attorney amended to name the manufacturers as defendants. The trial court dismissed plaintiff's amended complaint. The court of appeal affirmed, holding that the delay of almost twelve years violated the manufacturers' right to due process under Article 1 § 2 of the Louisiana Constitution and the 14th Amendment of the United States Constitution. Piconev. Lyons, 593 So.2d 829 (La.App. 4th Cir. 1992). A writ was granted to consider the judgment. 595 So.2d 643 (La. 1992).
[2] FACTS
[3] The initial suit, alleging that Picone contracted silicosis from employment as a sandblaster between 1962 and 1975, was filed on September 28, 1976. Sixty executive officers of his sixteen former employers were named as defendants. Picone claimed that the executive officers' negligent failure to provide him with proper safety equipment and a safe work environment resulted in silicosis, a progressive lung disorder. Picone also named ABC Manufacturing Company as the fictitious manufacturer of the defective safety equipment and its insurer.
[4] On April 8, 1988, Picone filed an amended complaint specifying nine manufacturers of the protective devices used by his employers between 1962 and 1975. The new defendants: Pauli 
Griffin Company, Inc.; Sandair Corporation; Lone Star Industries, Inc.; Mine Safety Appliances Company; Pulmosan Safety Equipment Corporation; Mayronne Enterprises, Inc.; Mississippi Valley Silica Company; Clemco Industries and E.D. Bullard Company, were alleged to be solidary obligors with the original defendants. The added defendants filed an exception of prescription. The trial court sustained the exception. The court of appeal affirmed, holding that prescription was interrupted by the original suit, but the new defendants were denied due process by the delay of almost twelve years.
[5] LAW
[6] Statutes of limitation . . . are by definition arbitrary, and their operation does not discriminate between the just and the unjust claim, or the avoidable and unavoidable delay. They have come into *West Page 1377 
the law not through the judicial process but through legislation. They represent a public policy about the privilege to litigate. Their shelter has never been regarded as what now is called a "fundamental" right or what used to be called a "natural" right of the individual.
[7] Chase Securities Corp. v. Donaldson, 325 U.S. 304 at 314, 65 S.Ct. 1137 at 1142, 89 L.Ed. 1628 at 1635 (1945).
[8] "There is no prescription other than that established by legislation." LSA-C.C. art. 3457; Crier v. Whitecloud,496 So.2d 305 (La. 1986). The common law doctrine of laches does not prevail in Louisiana and the legislature may create, shorten, lengthen or abolish prescriptive periods at its discretion.
[9] Delictual actions are subject to a liberative prescription of one year, which runs from the day injury or damage is sustained. LSA-C.C. art. 3492. A legal interruption prevents accrual of prescription. LSA-C.C. art. 3466. Prescription is interrupted when suit is filed in a court of competent jurisdiction and venue. LSA-C.C. art. 3462. An interruption of prescription against one solidary obligor is effective against all other solidary obligors, and the interruption continues while the suit is pending. LSA-C.C. arts. 1799, 2324, 3463 and 3503;Pearson v. Hartford Accident Indemnity Company,281 So.2d 724 (La. 1973); Louviere v. Shell Oil Co.,440 So.2d 93 (La. 1983); Givens v. Prof. Nurses Home HealthServ., 516 So.2d 120 (La. 1987).
[10] When liberative prescription limits the right to seek legal redress for harm, the natural obligation to repair the harm remains. LSA-C.C. art. 1762. A defendant has no vested interest in a particular period of prescription or limitation.Martinez v. California, 444 U.S. 277, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980). Removing a limitation barrier to a remedy lost through mere lapse of time does not per se violate the Fourteenth Amendment. Chase Securities Corp., supra.
[11] Due process requires notice and an opportunity to be heard.Bass v. Yazoo M.V.R. Co., 136 La. 528, 67 So. 355 (1915). Due process rights are not affected by state tort legislation which has a reasonable basis. Martinez,supra. Legislation fixing prescriptive periods and the basis for their interruption must bear a rational relationship to a legitimate state interest. Burmaster v. Gravity DrainageDist. No. 2, 366 So.2d 1381 (La. 1978).
[12] CONCLUSION
[13] A prescriptive period represents the legislature's policy determination that society would best be served by abatement of a cause of action. Picone's original petition was timely. Because of Picone's allegations that the added defendants are solidarily liable for his injuries, prescription was interrupted if defendants are ultimately found to be solidarily liable. Interruption of prescription for solidary obligors is rationally related to the state's interest in providing full compensation to tort victims and holding defendants responsible for their delicts. It allows plaintiffs to name defendants unknown when suit was filed. There is no due process violation under the Louisiana Constitution or the United States Constitution.
[14] DECREE
[15] For the foregoing reasons, the exception of prescription is referred to the merits, to be ruled on at such time as the liability of the defendants is determined. The judgments of the trial court and the court of appeal are reversed, and the case is remanded for further proceedings.
[16] REVERSED AND REMANDED.
[17] LEMMON, J., concurs and assigns reasons.
[18] COLE, J., dissents for reasons assigned.