Donald BILLIZON, Plaintiff,

Danos & Curole Marine Contractors, Inc., Intervenor,

v.

CONOCO INC.; Atlantic Richfield Company; Texaco Producing Inc.; Oxy USA Inc., also known as Cities Service Oil and Gas Corporation; Oxy USA Inc., Incorrectly referred to as Oxy USA Inc. a/k/a Cities Service Oil & Gas Corp. in orig. complt; AAA Oilfield Contractors Inc., Defendants.

Civ. A. No. 91–2749.

United States District Court, E.D. Louisiana.

Oct. 12, 1994.

H. Edward Sherman, Law Offices of H. Edward Sherman, New Orleans, LA, for plaintiff.

J. Mark Graham, Henderson, Hanemann & Morris, Houma, LA, for intervenor.

Patricia A. Krebs, Nesser, King & LeBlanc, New Orleans, LA, Richard Joseph Guidry, Broussard, David & Daigle, Lafayette, LA, Kathryn A. Pardo, Paul A. Rabalais, PLC, Baton Rouge, LA, and Susan A. Daigle and Bryan David Scofield, Broussard, David & Daigle, Lafayette, LA, for defendants.

## ORDER AND REASONS

FELDMAN, District Judge.

This motion spotlights a new issue in Louisiana law regarding the interruption of prescription. Before the Court is AAA Oilfield Contractors, Inc.'s motion for summary judgment. For the reasons that follow, the motion is DENIED.

### Background

Donald Billizon claims he was injured on August 18, 1990 when he fell down some stairs while working on a fixed platform on the Outer Continental Shelf off the coast of Louisiana. At the time of the accident, he was employed by Danos & Curole Marine Contractors, Inc., an oilfield service company. After the accident, he filed claims against his employer under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. 901, et seq., and received compensation payments from August 18, 1990 through May, 1994.

On June 24, 1991, less than one year after the accident, Billizon filed suit against four owners and operators of the platform, and asserted that they were solidarily liable for his injuries under theories of strict liability and negligence. On June 29, 1992, approximately one year and ten months after the accident, Billizon filed an amended and supplemental petition naming AAA Oilfield Contractors, Inc. as an additional defendant. He alleged that AAA Oilfield had performed work on the platform for one of the operators, and that because of the negligence of its employees during the repair and maintenance of the platform, AAA Oilfield was also liable for Billizon's injuries.

The claims against the owners and operators of the platform were later dismissed when this Court granted their motions for summary judgment. As the only remaining defendant in this dispute, AAA Oilfield now seeks summary judgment on the ground that Billizon's lawsuit against it has prescribed.

AAA Oilfield argues that because the Court dismissed the claims asserted against Conoco, Atlantic, Texaco, and OXY, there can be no solidary liability and, therefore, prescription was never interrupted. AAA Oilfield invokes *Gibson v. Exxon Corporation*, 360 So.2d 230 (La.App.1978), *writ denied*, 362 So.2d 575 (La.1978) for support. Billizon counters that under current Louisiana law, a claim that is timely made against the employer for worker's compensation benefits interrupts prescription as to a subsequent claim against a third-party tortfeasor when the employer and the tortfeasor are solidarily

liable to the plaintiff. *See Williams v. Sewerage & Water Bd. of New Orleans*, 611 So.2d 1383 (La.1993). Specifically, Billizon contends that Danos & Curole's worker's compensation payments to him, beginning in August of 1990, were an acknowledgment of the obligation and interrupted prescription.

## I.

### Employer and Tortfeasor as Solidary Obligors

 It is uncontested that Billizon's accident occurred on a fixed platform located on the Outer Continental Shelf off the coast of Louisiana. Under the Outer Continental Shelf Lands Act, the law of the state adjacent to the accident determines the applicable prescriptive period. *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). The constituent doctrines to prescription and interruption are well-known. In Louisiana, delictual actions, such as Billizon's claims against AAA Oilfield, are subject to a one year prescriptive period which begins to run from the day the injury or damage is sustained. La.C.C. art. 3492. Prescription is interrupted by the filing of suit in a court of competent jurisdiction. La.C.C. art. 3462. But prescription is also interrupted when one acknowledges the right of the person against whom he had commenced to prescribe. La.C.C. art. 3464. And the interruption of prescription against one solidary obligor is effective against all solidary obligors. La.C.C. arts. 1799 and 3503. When it is clear that a claim is prescribed, the plaintiff bears the burden of showing that prescription has not occurred. *Lima v. Schmidt*, 595 So.2d 624, 628 (La.1992). In spite of that burden, prescription statutes are to be construed in favor of permitting, rather than barring, a claim. *Bustamento v. Tucker*, 607 So.2d 532, 537 (La.1992).

 What animates the result here is La. C.C. art. 1799: the interruption of prescription against one solidary obligor is effective against all. Defendant bases this motion on *Gibson v. Exxon Corp.*, 360 So.2d 230 (La.Ct. App.1978), in which the plaintiff timely sued Exxon, his employer, and then filed against other alleged tortfeasors more than one year

after the injury. The court held that because Exxon was an improper defendant (shielded from tort liability by the Workers' Compensation Act), Exxon was not a solidary obligor with the later-named defendants. *Id.* at 231. Therefore, the interruption of prescription that occurred when Gibson sued Exxon did not affect the running of time with respect to the other parties, and defendants' motion for summary judgment was granted. At first glance, *Gibson* seems helpful.

More recently, however, the Louisiana Supreme Court held that when the obligation of an employer and the tort liability of a third-party tortfeasor are solidary, a suit that is timely filed against the employer for worker's compensation interrupts prescription as to a subsequent claim against a third-party tortfeasor. *Williams v. Sewerage & Water Bd. of New Orleans*, 611 So.2d 1383 (La. 1993). The facts of *Williams* are also similar to those before the Court. Plaintiffs (relatives of a Sewerage and Water Board employee who was killed in an accident) sued the Board for worker's compensation and tort damages almost one year after Williams' death. The tort claim was later dropped because the Board, as employer, was immune. Within a year of the filing of the suit, but more than a year after the accident, plaintiffs amended the complaint to include a third-party tortfeasor. The Louisiana Supreme Court held that the suit for worker's compensation interrupted prescription for the later-named tortfeasor as well, because the two were solidarily liable. Central to *Williams* is a recognition that the employer who is liable for compensation payments and the tortfeasor who is liable for damages "share coextensive liability to repair certain elements of the same damage" and are, therefore, solidarily liable to the injured employee. *Williams*, 611 So.2d at 1387. Here as well, tort and worker's compensation regimes harmonize to provide the relief Billizon seeks.

AAA Oilfield urges that *Williams* is not applicable to this case because Williams was injured before the 1987 amendments to La. C.C. art. 2324 (the accident causing Williams'

death occurred in 1986).[1] The Supreme Court's opinion in *Williams,* announced in 1993, in no way indicates that the court's decision was based upon the fact that Williams was killed prior to the 1987 amendment, nor does it even seriously allude to article 2324 (except to comment upon the apportionment of damages in a footnote). To accept AAA Oilfield's interpretation, one would have to conclude that the *Williams* court somehow failed to mention the two central points upon which the decision supposedly turned: that the accident took place prior to the 1987 amendment and that article 2324 should not be applied retroactively. This Court is not persuaded that the Louisiana Supreme Court made such omissions. Accordingly, the Court finds that AAA Oilfield is solidarily liable with Danos & Curole under the doctrine of *Williams.*

## II.

### *Worker's Compensation Payment and Interruption*

■ The next question for Court, then, is whether or not the worker's compensation payments by Danos & Curole constituted an acknowledgement of liability so as to interrupt prescription. That issue was not reached in the *Williams* case because plaintiffs has actually filed suit to recover worker's compensation.[2] Of course, an acknowledgment in any form interrupts the ticking clock of prescription. That much seems certain. Acknowledgment is merely the recognition of an obligation or "a simple admission

of liability" and requires no particular form in Louisiana. *Schmidt,* 595 So.2d at 634. A delictual action for unliquidated amounts may even be tacitly acknowledged. *Id.* at 633. Tacit acknowledgment is defined by the Louisiana high court as occurring when a debtor "performs acts of reparation or indemnity, makes an unconditional offer or payment, or lulls the creditor into believing he will not contest liability." *Id.* at 634.

■ Regarding the issue of interruption of prescription, the consequences in law of an employer who has been sued for worker's compensation do not conceptually differ, then, from those resulting from an employer's voluntary payment of compensation benefits in response to an administrative request. On the contrary, the law should favor such payments, and should not inspire lawsuits simply as a model to interrupt prescription. Furthermore, because Danos & Curole paid worker's compensation this case seems distinguishable from *Morris v. Equitable Shipyards, Inc.,* 1993 WL 330016 (E.D.La. August 23, 1993), *aff'd,* 18 F.3d 935 (1994), where the court held that merely filing for worker's compensation does not interrupt prescription.[3]

Although rather inventive, AAA Oilfield's argument that payments to Billizon did not constitute an acknowledgment is wrong. Defendant correctly begins with the observation that prescription can accrue only to an enforceable right. It then makes the argument that LHWCA provides for a series of sepa-

---

**1.** Prior to the amendment, persons whose concurring fault caused harm to another were liable *in solido.* Solidary and joint liability between an employer and an alleged tortfeasor are now clumsily treated as follows in La.C.C. Art. 2324:

 A. He who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act.

 B. If liability is not solidary pursuant to Paragraph A, or as otherwise provided by law, then liability for damages caused by two or more persons shall be solidary only to the extent necessary for the person suffering injury, death or loss to recover fifty percent of his recoverable damages ... Except as described in Paragraph A of this article, or as otherwise provided by law, and hereinabove, the liability for damages caused by two or more persons shall be a joint, divisible obligation, and a joint

tortfeasor shall not be solidarily liable with any other person for damages....

 C. Interruption of prescription against one joint tortfeasor, whether the obligation is considered joint and divisible or solidary, is effective against all joint tortfeasors....

**2.** To clarify the issues, the Court ordered the following questions briefed: (1) Does the payment of worker's compensation benefits by Danos & Curole constitute an acknowledgment of the debt which interrupts prescription? and, (2) Assuming that the worker's compensation payments interrupted prescription, does prescription begin to run again from the date of the interruption?

**3.** The *Morris* court did not encounter the question of acknowledgment.

rate and distinct obligations to pay compensation benefits and medical expenses as they come due. From this concept base, AAA Oilfield asks the Court to conclude that the payment of the benefit and the extinguishment of the right all take place in the same metaphysical instant, and that payment of a particular month's LHWCA benefit "extinguished the particular obligation that was the object of each payment." Thus, defendant hypothesizes, as a payment is made, no obligation exists for one to acknowledge. But why, then, make a payment? The obligation and the payment are intertwined: the one cannot exist without the other. AAA Oilfield concedes that it is unable to point to any authority to support its argument, but urges the Court to draw an analogy between the payment of worker's compensation benefits and the payment of salary on a month-to-month basis.[4] The Court cannot draw such an analogy. At the time Danos & Curole began making payments to Billizon, it acknowledged its liability under LHWCA and the obligation to furnish those benefits because they arose as a result of an employee's accident. At the very least, the employer's payment was a tacit acknowledgment. In contrast to defendant's example of monthly salary payments, the liability for worker's compensation is a unitary obligation for an indeterminate amount, which the law directs shall be made in a series of regular payments. *See Pyrites Co., Inc. v. Davison Chem. Co.*, 4 F.Supp. 294, 297 (D.Md.1933) (That worker's compensation under LHWCA is "to be liquidated in periodic partial payments does not transmute its legal nature from an entire obligation into several separate obligations ..." The court rejected an analogy to wage payments.). This Court concludes that the payment of Billizon's worker's compensation claim by Danos & Curole acknowledged the obligation and interrupted prescription.

4. An employee who is hired by the month has a series of distinct rights, hence partial payment by an employer merely extinguishes the earliest monthly salaries and does not interrupt prescription on the other amounts due. *See* Comment, *Interruption of Prescription by Acknowledgment in Louisiana*, 14 Tul.L.Rev. 430 (1940).

IV.

*The Duration of Interruption*

A problem, one most likely unforeseen by the Louisiana legislature, arises when the result of *Williams* is coupled with the fact that one's payment of worker's compensation benefits interrupts prescription, even without suit. Injured employees could sue tortfeasors (who are found to be solidary obligors with the employer) for as long as the compensation payments are made, plus one year. In this case, for instance, the prescription period will have run until almost five years after the accident.

Once prescription is interrupted, time begins to accrue again as of that interruption.[5] Here, it appears that each successive payment interrupted prescription. Indeed, R.S. 23:1209A specifically instructs that the one year limitation on worker's compensation claims shall not take effect until one year from the time of making the last payment. Section 1209A makes absolute sense in the context of employee claims against an employer who had notice of the accident, but it is more problematically invoked against a tortfeasor who could be forced to defend itself against claims arising from events that are years old.

The Louisiana Supreme Court has specifically stated that the common law doctrine of laches does not apply in Louisiana and that prescription periods are the province of the legislature. *Picone v. Lyons*, 601 So.2d 1375, 1377 (La.1992). In that case, the high court held that interruption of prescription against all solidary obligors is rationally related to the state's interest in providing full recovery for tort victims. *Id.* The result in *Picone* was that a claim against a tortfeasor was permitted even though the injury was sustained some twelve years earlier (because suit had been timely filed against solidarily obligated tortfeasors); the court rejected defendant's argument that requiring it to de-

5. Lawsuits, such as *Williams*, are different because prescription is interrupted for the pendency of the suit. La.C.C. art. 3463.

fend itself in such circumstances violated due process.

This case can be distinguished from *Picone* because Billizon filed suit against AAA Oilfield only one year and ten months after the accident, and defendant has not asserted any prejudice. However, the Court draws attention to the fact that this case involves worker's compensation payments, which are far more likely to continue for an extended period of time than a lawsuit. The value of the bright line rule in *Picone* might be more reasonable when applied to the interruption of prescription during the pendency of a lawsuit as opposed to the more continuing structure of interruption that results from worker's compensation payments.[6]

Because AAA Oilfield is solidarily liable with Danos & Curole, and because the latter's acknowledgment of its worker's compensation obligation interrupted prescription, this Court DENIES defendant's motion for summary judgment.

---

**6.** The Court must, of course, leave the business of legislating to the Louisiana legislature.