721 So.2d 1273 (1998)
Wilson PREJEAN, et ux.
v.
INDUSTRIAL CLEANUP, INC., et al.
No. 98-C-0948
Supreme Court of Louisiana.
December 1, 1998.
*1274 J. Clemille Simon, Lafayette, Robert W. Hallack, Baton Rouge, for Applicant.
Mark S. Taylor, Metairie, for Respondent.
MARCUS, Justice.[*]
On or about December 19, 1991, Wilson Prejean was injured in the course and scope of his employment with Industrial Cleanup, Inc. (hereinafter "Industrial"). He claims that at the time of injury, he was working aboard a sixteen foot aluminum flat boat owned and operated by his employer and located on navigable territorial waters of the State of Louisiana. After an investigation of the incident, Industrial voluntarily commenced paying benefits pursuant to the Louisiana Workers' Compensation Statute. Four years later on December 19, 1995, Prejean filed a suit styled "Seaman's Petition for Damages" in state court pursuant to the "Savings to Suitors" clause, 28 U.S.C. § 1131(1). Prejean alleged that he is a seaman, and that his injury was caused by the negligent or intentional acts of his employer and the unseaworthiness of the vessel he was on at the time of his fall. When suit was filed, Industrial was still paying workers' compensation benefits under state law.[1]
In his petition, plaintiff asserted no alternative tort or compensation claims against Industrial under state law or under the Longshore and Harbor Workers' Compensation Act (hereinafter "LHWCA") 33 U.S.C. § 901 et seq. He did alternatively allege the legal malpractice of the initial attorneys representing him after the injury for not having filed maritime claims within three years of his December, 1991 fall.
Industrial, without admitting that Prejean is a seaman, filed an exception of prescription. It argued that if Prejean is a seaman as alleged, the petition for negligence and unseaworthiness filed four years after the injury is prescribed on its face because the applicable federal statutes of limitations have expired. Plaintiff responded with the argument that Industrial's voluntary payment of state workers' compensation benefits interrupted prescription of his Jones Act and unseaworthiness claims. The trial judge granted Industrial's exception of prescription, finding that the voluntary payment of state compensation benefits did not interrupt prescription. The court of appeal affirmed.[2] We granted certiorari to review the correctness of that decision.[3]
The sole issue before us for review is whether Industrial's voluntary payment of state workers' compensation benefits interrupted the prescriptive periods applicable to plaintiff's maritime claims against Industrial.
For purposes of this opinion, we assume that Wilson Prejean is a seaman. As such, his tort claims against his employer are governed by the Jones Act.[4] It is well settled that the rights of Jones Act seamen against their employers are fixed by the rules set forth in the Federal Employers' Liability Act (hereinafter "FELA"); that statute establishes the applicable prescriptive for Jones Act claims. 1 Thomas J. Schoenbaum, Admiralty and Maritime Law §§ 6-8, 6-16 (2nd ed.1994). 45 U.S.C. § 56 provides:
No action shall be maintained under this chapter unless commenced within three *1275 years from the day the cause of action accrued.
Plaintiff's unseaworthiness claim is governed by the Uniform Statute of Limitations for Maritime Torts. 1 Schoenbaum, supra § 6-16; Cooper v. Diamond M. Co., 799 F.2d 176 (5th Cir.1986).[5] 46 U.S.C.app. § 763a provides:
Unless otherwise specified by law, a suit for recovery of damages for personal injury or death, or both, arising out of a maritime tort, shall not be maintained unless commenced within three years from the date the cause of action accrued.[6]
Prior to the enactment of this statute in 1980, the time period for filing a tort action under the general maritime law was governed by laches. Congress was dissatisfied with the disparate decisions reached applying that principle and evidenced its intent that all maritime torts be treated alike by legislating a federal statute of limitations consistent with the three year period already statutorily mandated for Jones Act claims. 1B Benedict on Admiralty (MB) § 5 (7th ed. Cum.Supp. 1998).
Inasmuch as Wilson Prejean was injured in December 1991 and did not file suit until four years later, it is clear that his claims are time barred unless the applicable federal statutes of limitations have been interrupted. In maritime cases, just as under state law, the burden of pleading and proving facts to support an interruption of prescription is on plaintiff. Covey v. Arkansas River Co., 865 F.2d 660 (5th Cir.1989). Plaintiff suggests that La. R.S. 23:1209, La. Civ.Code art. 3464, and decisions of this court interpreting Louisiana law, control the result in this case and lead to the conclusion that his maritime claims were timely filed. While the court of appeal affirmed the court's dismissal of the maritime claims as prescribed, it implicitly conceded that the issue presented is properly governed by application of Louisiana law. We do not agree.
The question of whether a federal statute of limitations has been interrupted by a defendant's conduct is inherently a question of federal law. Where suit is begun in a state court on a federally created cause of action and there is a federal period of limitations applicable, state courts uniformly apply the federal period and, if they exist, the federal rules on tolling and other ancillary matters. 51 Am.Jur.2d Limitation of Actions § 75 (1970); 54 C.J.S. Limitations of Actions § 31 (1987).
The United States Supreme Court squarely addressed the question of whether state law can be invoked to alter or extend the three year period of limitations set forth in FELA (which also applies to Jones Act cases) in Burnett v. New York Central R.R. Co., 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965). There the court announced a federal standard for the tolling of the FELA statute of limitations when a suit has been properly commenced in state court but subsequently dismissed because filed in an improper venue. The Court soundly rejected the argument that the matter was governed by the New York "saving statute" which addressed just such problems:
To allow the limitation provision to incorporate state saving statutes would produce nonuniform periods of limitation in the several States. The scope of such statutes and the length of additional time they allow vary considerably from State to State. Moreover not all States have saving statutes. This Court has long recognized that the FELA `has a uniform operation, and neither is nor can be deflected therefrom by local statutes.' This Court has also specifically held that `(t)he period of time within which an action may be commenced is a material element in (a) uniformity of operation' which Congress would not wish `to be destroyed by the varying provisions of the State statutes of limitation.' The incorporation of variant state saving statutes would defeat the aim of a federal *1276 limitation provision designed to produce national uniformity. 380 U.S. at 433, 85 S.Ct. 1050 (citations omitted).
Following the principles set forth in Burnett, it is widely accepted that state statutes which suspend, reduce, or extend the time for bringing suit have no application in considering whether a Jones Act suit is prescribed. 32B Am.Jur.2d Federal Employers' Liability and Compensation Acts § 59 (1990). Likewise, where a general maritime tort is alleged, the effect of lapse of time on the viability of the action is determined by the standards of maritime law because the right to bar an action for lapse of time is a substantive right. 1 Martin J. Norris, The Law of Maritime Personal Injuries § 5:10 (4th ed.1990).[7]
The same interests in uniformity professed in Burnett militate equally against the application of state law to alter or extend the federal limitations period set forth in 46 U.S.C.app. § 763a which governs plaintiff's unseaworthiness claim. It has been held, for instance, that the three year statute of limitations for general maritime torts is not interrupted by operation of the Louisiana law rule that judgment against one solidary obligor tolls the statute of limitations against other solidary obligors. Davis v. Newpark Shipbuilding and Repair, Inc., 659 F.Supp. 155 (E.D.Tex.1987). Similarly, it has been held that the Louisiana law rule that makes timely filing of suit against one solidary obligor interrupt prescription against all other solidary obligors cannot be applied to extend the federal maritime limitations period. Logwood v. Apollo Marine Specialists, Inc., 772 F.Supp. 925 (E.D.La.1991). In People of the Living God v. Star Towing Co., 289 F.Supp. 635 (E.D.La.1968), the propriety of reliance on the Burnett decision in maritime cases was succinctly explained:
In Burnett v. New York Central R. Co., an action brought under the Federal Employers' Liability Act, the Supreme Court indicated that the mechanical application of state `saving statutes' to the federal statute of limitations would frustrate the congressional policy of uniformity underlying the federal statute. Thus, rather than apply diverse state statutes subjecting a litigant's rights arising under federal law to the vagaries of state law, the Supreme Court opted in favor of national uniformity in fashioning a federal as to the tolling of the federal statute of limitations. This reasoning is equally applicable to admiralty actions. 289 F.Supp. at 639 (citations omitted) (emphasis added).
Where Congress has manifested an intent to establish a uniform period of limitations for maritime claims, it would defeat the uniformity intended to allow the diverse laws of each state to determine when the limitation period on a federal cause of action commences to run and when the period is tolled, interrupted, or suspended.
Having concluded that federal law governs the question before us, we turn our attention to determining whether defendant's conduct in this instance tolled the applicable federal statutes of limitations as a matter of federal law. Not all suits commenced outside the three year period are barred. The circumstances under which the three year limitation periods applicable to maritime torts may be extended can be summarized as follows:
A court may ... toll the time limit for filing suit based upon estoppel or equitable circumstances. The party asserting estoppel has the burden of proving it. Estoppel involves proving four elements:
(1) the party to be estopped must know the facts; (2) he must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely on the former's conduct to his injury.

*1277 What this means is that estoppel will save the plaintiff's claim only where the facts show that he has been induced or tricked by the defendant into letting the deadline pass.
... The doctrine of equitable tolling will be sparingly applied, however, and the active pursuit of collateral or administrative relief will not be sufficient. 1 Schoenbaum, supra § 6-16 (citations omitted).
While a defendant's conduct after an injury can justify a plea of estoppel in some cases, it has been specifically held in a FELA case that the mere voluntary payment of state compensation benefits under a state workmen's compensation act does not toll the statute of limitations. Benson v. Milwaukee Road, 353 F.Supp. 889 (E.D.Wis.1973). Decisions interpreting the proper circumstances under which the three year limitations period for FELA may be tolled are the proper source of guidance for resolution of prescription issues arising in a Jones Act case. Crisman v. ODECO, Inc., 736 F.Supp. 712, 720 (E.D.La.1990). In Benson, plaintiff attempted to excuse his delay in filing suit by alleging that the defendant took the initiative to process his claim under the Wisconsin Workmen's Compensation Act, set up meetings with commission examiners to discuss payment provisions with plaintiff under the state statute, used forms provided by the state compensation board, had the plaintiff sign receipts on forms referring to the state statute and paid plaintiff under the state act until the statute of limitations under FELA had expired. After reviewing the body of law governing pleas of equitable estoppel under FELA, the court concluded:
[T]he allegations in this case do not mention any conduct found sufficient in the past, nor any conduct which could be held sufficient under principles enunciated in the past. On the contrary, the law is clear that the statute of limitations is not tolled simply because defendant has paid or is paying benefits under a state workmen's compensation act. In the absence of other affirmative actions by defendant to prevent plaintiff from instituting this suit within the three-year period provided, I cannot find that defendant has estopped itself from asserting the statute of limitations. 353 F.Supp. at 890 (citations omitted).
The same result was reached in Hamacher v. Canonie Offshore Co., 1990 A.M.C. 2849, 1990 WL 258885 (E.D.Mich.1990), where the court held that payment of workers' compensation benefits to a seaman did not toll the statute of limitations running on his Jones Act and unseaworthiness claims. The plaintiff in Hamacher did not demonstrate conduct of the defendant that was so misleading as to cause his failure to file suit in a timely manner. The court noted:
We are not prepared to bury statutes of limitations at sea in such a casual manner. 1990 A.M.C. at 2850, 1990 WL 258885.
Here, as in Benson and Hamacher, plaintiff has made no allegations of fraud, misrepresentation, concealment or other conduct sufficient to support a claim that Industrial should be equitably estopped from invoking the three year limitations periods made applicable by the Jones Act and the Uniform Maritime Torts Limitation Act. Had he done so, we might reach a different result. However plaintiff did not bear the burden of demonstrating that his maritime claims, prescribed on the face of the petition, were timely filed by virtue of an interruption of prescription.
In misplaced reliance on principles of Louisiana law, plaintiff argues that Industrial's voluntary payment of state compensation benefits constituted a "tacit acknowledgment" by defendant of liability on plaintiff's maritime claims sufficient to interrupt prescription pursuant to La. Civ.Code art. 3464. As noted above, Louisiana Civ.Code art. 3464 is inapplicable to resolve questions of prescription on plaintiff's federal maritime claims. Moreover, we have been unable to locate a single case applying federal law in which the mere voluntary payment of state benefits has been held to constitute an acknowledgment of liability so as to interrupt prescription under FELA, the Jones Act, or general maritime law. Nor have we found such a case at common law. Indeed the general rule at common law, unlike the Louisiana rule, is that acknowledgment does not *1278 interrupt delictual claims. 51 Am.Jur.2d Limitation of Actions § 319.[8]
Even in cases where the concept of acknowledgment is used at common law to interrupt a claim based on an express or implied contract, it must be demonstrated that the defendant clearly intended to acknowledge the debt in dispute. The intention of the debtor has been held to be the test of whether or not the particular conduct or statement constitutes a sufficient acknowledgment to interrupt prescription. 54 C.J.S. Limitations of Actions § 258 (1987). A payment claimed as constituting an acknowledgment must be distinct, unequivocal, and without qualification so as to the indicate the intent of the debtor to pay the specific debt in question. The burden is on the creditor to prove that the act alleged to constitute an acknowledgment was intended as such. 51 Am.Jur.2d Limitation of Actions § 369 (1970).
In this case, plaintiff has made no allegations to support a claim that defendant intended its payment of compensation benefits to constitute an admission of liability under the Jones Act or for unseaworthiness. Accordingly, even if acknowledgment of a delictual act were recognized under federal maritime law as a means for extending the periods of limitations applicable to plaintiff's maritime tort claims, a proposition wholly without support in the jurisprudence, plaintiff has not carried the burden of proof of acknowledgment as we believe that concept would be applied under federal law. State courts must apply the same law to a maritime claim that a federal court would apply had the case been filed in federal court. 1 Benedict on Admiralty (MB) § 112 (7th ed.1998).
As an alternative to his Louisiana law "acknowledgment" argument, plaintiff contends that instead of being paid state compensation benefits, he should have been paid Longshore and Harbor Workers' Compensation Act benefits. He claims that payment of benefits under LHWCA would have interrupted prescription on his Jones Act and unseaworthiness claims and asks this court to treat the state payments as LHWCA payments for the purpose of interrupting prescription.[9] Plaintiff cites two federal court decisions to support his argument that prescription would have been interrupted by the payment of LHWCA benefits, Cormier v. Clemco Serv. Corp., 48 F.3d 179 (5th Cir. 1995) and Billizon v. Conoco, Inc., 864 F.Supp. 571 (E.D.La.1994). Neither stands for the proposition plaintiff advances.
Both Cormier and Billizon dealt with accidents that occurred on fixed platforms on the outer continental shelf and that were governed by the Outer Continental Shelf Lands Act; tort liability was asserted against non-employer third parties. Under the Outer Continental Shelf Lands Act, 43 U.S.C § 1311 et seq., the LHWCA is adopted as the system of compensation applicable to non-seamen offshore workers, but the tort law of the adjacent state is adopted as surrogate federal law to govern torts against non-seamen that occur on artificial islands on the outer continental shelf. 43 U.S.C. § 1333(a); Frank L. Maraist, Admiralty 234 (3rd ed.1996). Unlike claims under the Jones Act and general maritime law, Congress specifically provided for the application of state tort remedies (land law) which demand state, not federal, statutes of limitations for injuries occurring on fixed platforms. Chevron Oil Co. v. Huson, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971).
*1279 In Chevron, the United States Supreme Court specifically addressed the question of whether the timeliness of actions for injuries covered by the Outer Continental Shelf Lands Act is governed by state or federal law. The Court confirmed that under the statutory mandate of the Lands Act, state law prescriptive periods apply. A conscious decision was made by Congress to treat artificial islands on the outer continental shelf as federal enclaves within the adjacent state rather than as vessels to which maritime law would apply. Rodrigue v. Aetna Cas. & Surety Co., 395 U.S. 352, 89 S.Ct. 1835, 23 L.Ed.2d 360 (1969). Thus, maritime law, maritime periods of limitation, and maritime tolling rules do not apply to torts governed by the Lands Act. For that reason, in Cormier and Billizon, the Louisiana one year tort prescriptive period, and the ancillary Louisiana rules for interruption of prescription by acknowledgment, were properly invoked with respect to the claim for injuries on a fixed platform. In both Cormier and Billizon, the courts expressly acknowledged that they were applying the Louisiana one year tort prescriptive period and the Louisiana ancillary rules for interruption of prescription because, under the Outer Continental Shelf Lands Act, by statutory mandate, Louisiana law applies to torts occurring on artificial islands on the outer continental shelf.
However in this case, Wilson Prejean was not injured on an offshore platform on the outer continental shelf. According to plaintiff's petition, he was injured on a vessel in navigable territorial waters. It is beyond dispute that plaintiff's Jones Act and unseaworthiness claims are governed by federal three year statutes of limitations and not by state law. In this case maritime law clearly governs. Louisiana rules for interruption of prescription are simply not applicable to the maritime claims asserted in this case. Cormier and Billizon, decided under a different legal regime, have no value as precedent here.
Plaintiff has cited no case decided under federal maritime law to support his contention that voluntary payment of LHWCA benefits would interrupt prescription on a Jones Act or unseaworthiness claim.[10] In the face of federal jurisprudence to the effect that mere payment by an employer of compensation benefits does not interrupt the period of limitations for federal maritime tort claims against an employer, we see no reason to believe the result should be any different where the employer pays benefits under LHWCA instead of a state compensation system. Thus we do not find plaintiff's argument that he should have been paid benefits pursuant to LHWCA instead of under state law relevant to the determination of whether the periods of limitations on his maritime claims have been interrupted.
On the evidence presented, the courts below were correct in maintaining Industrial's exception of prescription. Plaintiff did not demonstrate under federal law that his petition was timely filed. Nevertheless, it is clear to us that the parties to this case, as well as the courts below, treated the exception of prescription as though the timeliness of filing of plaintiff's claims was controlled by Louisiana law principles of acknowledgment. It is apparent that no consideration was given to introducing evidence that might have established an estoppel under federal law. Inasmuch as we have now decided that federal law should govern the disposition of Industrial's exception, we will remand the matter to give plaintiff an opportunity to adduce evidence on the question of whether Industrial may be estopped to assert the statute of limitations under federal law.

*1280 DECREE
For the reasons assigned, the judgment of the court of appeal is vacated and set aside. The case is remanded to the district court for the taking of further evidence on defendant's exception of prescription and for a ruling on the exception consistent with the principles announced herein.
NOTES
[*] Lemmon, J. not on panel. Rule IV, Part 2, § 3.
[1] Plaintiff's wife joined in the "seaman's suit" alleging loss of consortium. It is questionable whether Debbie Prejean can pursue an action for loss of consortium (non-pecuniary damage) under general maritime law or under the Jones Act. Michel v. Total Transp. Inc., 957 F.2d 186 (5th Cir.1992). In any event her claim is dependant on the viability of her husband's claim. If his claim is prescribed, her claim falls as well. Crisman v. ODECO, Inc., 736 F.Supp. 712 (E.D.La. 1990). For that reason, we will consider her claim as subsumed in his for purposes of determining whether plaintiffs' claims were properly dismissed as prescribed.
[2] 97-1008 (La.App. 3d Cir.3/6/98), 707 So.2d 1372.
[3] 98-0948 (La.5/29/98), 719 So.2d 1271.
[4] 46 U.S.C.App. § 688.
[5] Although plaintiff has not alternatively pleaded a tort claim against Industrial under § 905(b) of the Longshore and Harbor Workers' Compensation Act, the limitations period for such tort claims is also governed by the Uniform Statute of Limitations for Maritime Torts. Mendez v. Ishikawajima-Harima Heavy Indus. Co., 52 F.3d 799 (9th Cir.1995).
[6] 46 U.S.C.App. § 763a.
[7] A different result obtains with respect to state rules that do not affect substantive matters and do not infringe on the uniformity interests of maritime law. In American Dredging Co. v. Miller, 510 U.S. 443, 114 S.Ct. 981, 127 L.Ed.2d 285 (1994), the Supreme Court held that states may apply their own rules regarding forum non conveniens because the rule is procedural rather than substantive (does not bear upon the substantive right to recover) and its uniform application is not necessary to maintain the proper harmony of maritime law.
[8] After an exhaustive review of civilian authorities, we departed from our previous adherence to the principles governing acknowledgment in common law jurisdictions and confirmed that under Louisiana law, a tortfeasor can tacitly acknowledge liability for a delictual act and thereby interrupt prescription pursuant to La. Civ. Code art. 3464. Lima v. Schmidt, 595 So.2d 624 (La.1992).
[9] Whether or not Wilson Prejean should properly have been classified as covered under the LHWCA rather than under the state compensation system is not before us. Thus we are not in a position to assume that payment of state compensation benefits was improper. Plaintiff submitted an affidavit after defendant's exception was filed indicating that he filed a claim for LHWCA benefits with the U.S. Department of Labor, apparently after this suit was commenced. We have not been informed of a ruling in that proceeding. Moreover, for the reasons expressed in the body of this opinion, the ultimate resolution of that issue is not dispositive.
[10] The decision in Wilson v. Zapata Off-Shore Co., 939 F.2d 260 (5th Cir.1991) is closer to the facts presented here. There the court held that the Jones Act statute of limitations is not tolled even by a plaintiff's filing of a LHWCA claim, which claim was ultimately denied on jurisdictional grounds on a finding that the plaintiff was a seaman and therefore not covered under the LHWCA. The court noted that unlike the Jones Act, LHWCA is a type of workers' compensation statute; the injured employee need not prove fault in order to recover. Moreover, the nature and extent of the available recovery differs sharply as between the LHWCA and the Jones Act. Initiation of an administrative proceeding under LHWCA did not put defendant on notice of defending a damage suit under the Jones Act based on negligence and did not interrupt prescription. 939 F.2d at 267. Accord Ferris v. Veco Inc., 896 F.Supp. 966 (D.Alaska 1995).