593 So.2d 829 (1992)
Earl H. PICONE
v.
Bernard LYONS, et al.
No. 90-CA-0991.
Court of Appeal of Louisiana, Fourth Circuit.
January 16, 1992.
Writ Granted April 3, 1992.
William F. Bologna, Habans, Bologna & Carriere, New Orleans, for Pauli & Griffin, Inc.
Susan Stagg Robinson, LaBorde & Neuner, Lafayette, for Sandair Corp.
Lawrence J. Centola, Jr., Carrie A. Jourdan, Hoffman, Sutterfield, Ensenat & Bankston, New Orleans, for Mine Safety Appliances Co.
Gary M. Zwain, Elizabeth D. Mackay, Duplass, Witman, Zwain & Williams, Metairie, *830 for Pulmosan Safety Equipment Corp.
Patrick H. Hanna, Rebecca F. Doherty, Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Lafayette, for Lone Star Industries.
W. Gregory Merritt, Scott E. Silbert, Lombard & Silbert, Metairie, for Mud & Chemical Co. and Mayrone Enterprises, Inc.
John E. Galloway, John J. Erny, III, Milton L. LeBlanc, Jr., Galloway, Johnson, Tompkins & Burr, New Orleans, for Mississippi Valley Silica.
Herbert W. Barnes, Samanie, Barnes & Allen, Houma, for Earl H. Picone.
Craig R. Nelson, Christina P. Fay, Hulse, Nelson & Wanek, New Orleans, for Clemco Industries, Inc.
Before KLEES and WARD, JJ., and HUFFT, J. Pro Tem.
WARD, Judge.
Earl H. Picone appeals a decision of the trial court that sustained a peremptory exception of prescription filed by nine defendants. Those defendants were named as parties to this lawsuit in an amended petition almost 12 years after the first petition was filed by Picone, and the trial court held that the amended petition was not timely filed.
On September 28, 1976, Earl H. Picone filed his first petition in the Civil District Court, alleging he contracted silicosis as a result of his employment as a sandblaster. The petition named sixty-two individuals, alleging each was an executive officer of one of Picone's sixteen former employers. Picone claimed the executive officers had negligently failed to provide him with a safe place to work. Additionally, a fictitious defendant, ABC Manufacturing Company, was named in the original petition as the manufacturer and producer of allegedly defective safety equipment Picone used during his employment. On May 4, 1988, Picone filed an amended complaint substituting Clemco Industries, Inc., Sardair Corporation, Pauli & Griffin and six other manufacturers of protective devices which Picone's various employers used between 1968 and 1975. The newly added defendants of Picone's amended petition moved to dismiss his suit pursuant to Louisiana Code of Civil Procedure Article 561, the five year abandonment provisions.
The trial court denied this motion, and on November 9, 1988 the Fourth Circuit Court of appeal affirmed the trial court's denial of the motion to declare the case abandoned, stating that the matter was one of liberative prescription. The various new defendants filed exceptions of prescription and in January of 1990, after conducting two hearings, the trial court sustained the newly added defendants' plea of prescription.
To summarize Picone's argument, he contends that the original defendants are solidary obligors with the newly added defendants, and that his timely filed original suit continuously interrupts prescription against all defendants who are solidarily obligated to him, even those who may be named in the future, as long as his timely filed suit is pending against one defendant.
We agree with Picone; prescription has not accrued. We nonetheless affirm, because we believe that these defendants will be denied due process if Picone is permitted to institute a lawsuit against them more than 12 years after the alleged cause of action arose.
Before discussing prescription or due process we must consider several collateral issues. At first glance Picone's suit against executive officers does not state a cause of action against those defendants who are executive officers of his former employers. And if there is no cause of action against them, then there is no solidary obligation, and if no solidary obligation, then there is no questionthe case has prescribed. But Picone has apparently alleged a cause of action because although Louisiana amended its worker's compensation laws to grant executive officers immunity from tort claims, Picone alleges his silicosis was caused by negligent acts of executive officers before the amendment. The amendment does not apply retroactively, *831 so at this time we must consider Picone's first petition states a cause of action.
Additionally, the first petition sufficiently alleges a solidary obligation of the executive officers and the fictitious manufacturer of protective equipment. Thus Picone timely filed a petition that permissibly names executive officers and fictitious manufacturers as solidary obligors.
We also hold that the naming of a fictitious defendant will not interrupt prescription. Scales v. State, 411 So.2d 658 (La.App. 4th Cir., 1982).
This Court has already considered whether this case has been abandoned because of five year lack of action. In writ No. 88-C-2015 this Court upheld the trial court ruling that the case had not been abandoned, and that issue cannot now be questioned. In that writ disposition not only did this court uphold the trial court ruling of abandonment, it also directed the parties and the trial court to the issue of prescription. However, we conclude that the case has not prescribed.
Louisiana Civil Code Article 3492 (formerly Article 3536) is applicable to decide if Picone's cause of action has prescribed. It provides that delictual actions "are subject to a liberative prescription of one year" and that such prescription "commences to run from the day injury or damage is sustained." Although in some cases the question of when prescription begins to run is uncertain, in this case that is not an issue. Prescription at least began to run more than 12 years ago when the first suit was filed, and there is no question but that prescription has run unless it has been interrupted,an interruption that would permit suit to be filed twelve years later.
The in tandem application of articles of the Civil Code produces unforeseen consequence under the circumstances of this case. When articles 3472, 3462, 3463 3503 and 1797 are taken together then the unlikely and unacceptable result is that some tort claims never prescribe. This result occurs even though tort claims are ordinarily barred by liberative prescription of one year, and even if prescription commences to run from the date of injury or the discovery of that injury, because the running of prescription is interrupted by the filing of a petition for damages in a competent court. (Art. 3462). "Interrupted" here means suspended because interruption continues as long as suit is pending. (Art. 3463). The "interruption" as to one solidary obligor is "continuous" and it will prevent prescription from running as to all solidary obligors, even as to those who have not been named in the first timely filed petitionfor as long as the suit is pending. (Art. 1799 and Art. 3503). Acting together then, these articles do indeed permit amendments to plaintiff's petitions to add defendants, now and in the future, for as long as the lawsuit is pending against one solidary obligor, and this includes even defendants who may be complete strangers, and neither the Code not the jurisprudence now restricts amendments.
As an alternative, the defendants believe Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983), which interpreted La.C.C.P. Art. 1153, supports their position. This article is the incorporation of the doctrine of "relation back". Article 1153 provides for the relation back of the amended petition to credit it with the notice and timeliness of the first petition.
When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence, set forth or attempted to be set forth in the original pleading, the amendment dates back to the date of filing of the original pleading.
However, Ray, and other following cases presuppose situations where the wrong party has been named as a defendant. Ray does not apply here, where Picone has timely sued and correctly named at least one solidary obligor. Neither Ray nor La. C.C.P. Art. 1153relation backis applicable to situations where one defendant who is solidarily liable is timely sued, and the amending petition names new defendants allegedly solidarily liable, because prescription is suspended while a lawsuit is pending *832 against one solidary obligor. In other words, neither Ray nor Article 1153 were meant to apply when other articles of the Civil Code are applicable, such as the ones discussed above, which indicate that prescription has not run.
We also believe, however, that any conclusion which means that some lawsuits will never be barred by prescription is a result inconsistent with the legislative intent and the basis of the rule of prescription. All statutes of repose have at their root the principle that a defendant has a right to timely notice of the allegations against him so that he can prepare his defense. Additionally, the United States Constitution's due process provisions and Louisiana's Constitution demand some time limitation to a plaintiff's right to add new defendants. The United States Supreme Court has considered the issue:
A fundamental requirement of due process is the opportunity to be heard. Grannis v. Ordean, 234 U.S. 385, 395, 34 S.Ct. 779, 783 [58 L.Ed. 1363 (1914) ]. It is an opportunity which must be granted at a meaningful time and in a meaningful manner. Armstrong v. Manzo, 380 U.S. 545, 552; 85 S.Ct. 1187, 1191 [14 L.Ed.2d 62] (1965).
Due process requires some time limitations on the right to bring suit. Obviously our Supreme Court considered the due process questions when deciding Ray, placing limits on the application of Art. 1153 and Ray, in deciding when a subsequent petition could be said to relate back to the original. We therefore believe it is appropriate to consider the principles of Ray and apply them by analogy in deciding whether due process permits amendment in this situation.
Turning now to the facts of this case, and considering the principles of Ray, Picone's amended petition, filed twelve years after the institution of his original petition, fulfills only the first of the Ray requirements: the amended petition arises out of the same transaction or occurrence set forth in the original pleading. But the facts in this case stop there, and the next three requirements are missing: The newly added co-defendants did not receive notice of the claims and clearly and obviously those defendants would be prejudiced in maintaining a defense on the merits by the lack of timely notice. Additionally these are wholly new and unrelated defendants, and their alleged liability as a manufacturer of a defective product is different from the alleged negligence liability of executive officers.
In this case Picone did absolutely nothing that could be considered an attempt to give notice to these defendants. Under these circumstances it is fundamentally unfair to require them to piece together information (assuming it still exists) dating back 15 to 20 years in order to defend against Picone's claims.
And this is not a case where Picone had difficulty in determining who might be liable for his injuries. In 1976, discovery techniques were available for Picone to find out which parties manufactured and supplied protective equipment to his employers. Mere failure on the part of the plaintiff to ascertain whom to sue within a year does not stop the running of prescription. Bennett v. General Motors Corporation, 420 So.2d 531 (La.App.2d Cir.1982). Likewise, this is not a case where a mistake concerning the identify of the proper party has lured Picone into a false sense of security as to the necessity for amending his lawsuit to give notice. This case has been pending in the district court for twelve years without any meaningful action on the part of plaintiff. As the district court said: "It is obscene to think that thirteen years after suit was filed other defendants can be brought back in by the hook of solidary obligations". (Judgment at page 5, Exhibit B.).
We affirm because to permit suit at this time would deprive defendants of any meaningful opportunity to be heard and present a defense, and this violates due process provisions of both the United States and Louisiana Constitutions.
AFFIRMED.
*833 KLEES, J., concurs.
HUFFT, J. Pro. Tem., concurs in the result.
KLEES, Judge, concurring.
The result is correct. By adding in the new co-defendants twelve years after filing the original petition, sufficient prejudice is established to preclude the applicability of C.C.P. Art. 1153 under the facts in this case.
Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983).