[20] An essential purpose of liberative prescription is to provide defendants with timely notice of impending claims. Hence, Louisiana Civil Code art. 3492 affords defendants a fixed and definitive time within which suit may be brought on delictual actions, viz., one year from the day the injury or damage is sustained. La.Civ. *West Page 1378 
Code art. 3492. Not only are defendants thus shielded from the loss of relevant and valuable evidence which would assist in their defense, but the judiciary is protected from stale claims.
[21] While I agree with the premise that interruption of prescription as to one solidary obligor is continuous and prevents prescription from running as to all solidary obligors,see La.Civ. Code arts. 1799, 3462, 3463, 3503, application of that principle in this case would require defendants to mount a defense on a cause of action which arose more than twelve years earlier, thus depriving defendants of ameaningful opportunity to be heard in a reasonable amount of time. See La.Const. Art. I, § 2; U.S. Const. amend. XIV. See also Armstrong v. Manzo, 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965) (an opportunity to be heard must be granted at a meaningful time and in a meaningful manner).
[22] The majority opinion fails to identify any action by plaintiff prior to the amended petition which would have provided the manufacturers with notice of the claims. Nor does the majority articulate whether the plaintiff's delay in naming the manufacturers as defendants was reasonably attributable to plaintiff's inability to discover the potentially liable parties. If taken to its logical conclusion, the majority would presumably permit the plaintiff to amend his petition to name additional defendants decades after the original suit, provided suit is pending against one solidary obligor. See Picone v.Lyons, 593 So.2d 829 (La.App. 4th Cir. 1992). The injustice inherent in such a result is obvious.
[23] For the reasons assigned, I respectfully dissent.