laGOTHARD, Judge.
Plaintiff, Bobbie Gebhardt, filed this action for personal injuries sustained when she was struck by a door at the Gretna office of the Louisiana Department of Health and Human Resources (DHHR) on September 12, 1988. The original suit was filed on August 28,1989 *151 naming the State of Louisiana, thorough DHHR as the defendant. The petition alleges that DHHR knew of the unreasonably dangerous condition and neither repaired it, nor warned plaintiff of its existence.
On May 20, 1991, the plaintiff filed a first supplemental and amending petition naming O’Connor Enterprises, Inc. (O’Connor) and its insurer, Zurich Insurance Company of Switzerland (Zurich), as defendants. The petition does not explain the relationship between these defendants and the plaintiff, or the RState; nor does it allege how these defendants are liable. It does, however, pray for judgment.against all defendants jointly, severally and in solido.
DHHR filed a cross-claim against O’Con-nor and Zurich on February 14, 1992 which was amended by a subsequent pleading to include Hugh O’Connor as a defendant. In those petitions it is alleged that O’Connor Enterprises, Inc. and Hugh O’Connor are the owners and lessors, and Zurich is the liability insurance carrier of the building at which the accident occurred.
On December 14, 1993, the plaintiff filed a second supplemental and amending petition adding Hugh O’Connor and his wife, Elaine Wichers O’Connor, as individual defendants. It is alleged in that petition that Hugh O’Connor is the appointed Liquidator of O’Connor Enterprises, Inc. Both supplemental and amending petitions assert that all defendants are liable jointly, severally and in solido.
The matter went before the court in a bifurcated trial on the merits on March 8, 9, 10, 1994. The claims against the State were tried by the trial judge in accordance with LSA-R.S. 13:5105 [1] and the claims against the other parties were decided by a jury. At the conclusion of trial, the State moved for a judgment in its favor, and dismissal of the plaintiff’s action. The trial court granted the motion and rendered a written judgment on March 15, 1994 dismissing plaintiffs claim against the State with prejudice. That judgment was not appealed and has now become final and definitive.
The jury found the State 40% at fault and Elaine and Hugh O’Connor 60% at fault. The plaintiff was held to be blameless. The jury awarded a total of |4$25,050.00 in damages. The jury decision was reduced to written judgment on April 13, 1994, with the exception that it assigned no liability to the State. Only defendants, Elaine and Hugh O’Connor and Zurich were cast in judgment. Those defendants 'filed this appeal of that judgment.
Defendants also filed an exception of prescription in this Court, which we must consider before addressing the merits of the appeal. The argument made in the exception is that, the absolution from liability of the State by the trial judge broke the bond of solidary liability upon which the claim against these defendants relied. Since all defendants, except the State, were untimely sued, the action against the appellants has prescribed.
Plaintiff, who did not appeal either judgment, or answer the appeal in the jury verdict, argues that the allegation of solidarity between the defendants in the instant appeal and the State is sufficient to defeat the exception of prescription. Further, she argues that the amended petitions relate back to the filing of the original petition in accordance with LSA-C.C.P. art. 1153 and Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983).
Plaintiffs reliance on article 1153 and the Ray case is misplaced. Article 1153 provides for the relation back of the amended petition to credit it with the notice and timeliness of the first petition. Ray formulated criteria to determine if a supplemental petition relates back to the original in situations where the wrong party has been named as the original defendant, not where, as here, additional solidary obligors are named. As explained in Picone v. Lyons, 593 So.2d 829, 831 (La.App. 4 Cir.1992), reversed on other grounds, 601 So.2d 1375 (La.1992):
|sNeither Ray nor La.C.C.P. Art. 1153— relation back — is applicable to situations where one defendant who is solidarily liable is timely sued, and the amending peti *152 tion names new defendants allegedly solidarity liable, because prescription is suspended while a lawsuit is pending against one solidary obligor. In other words, neither Ray nor Article 1153 were meant to apply when other articles of the Civil Code are applicable, .
The burden of proving a tort action has prescribed rests upon the defendant or party pleading prescription. Langlinais v. Guillotte, 407 So.2d 1215 (La.1981). Scott v. Burden, 527 So.2d 468 (La.App. 5 Cir.1988). However, once it is proven that more than one year elapsed between the time the tort occurred and the filing of suit, the burden shifts to the plaintiff to prove an interruption or suspension of prescription. Scott v. Burden, supra. If the plaintiffs basis for claiming interruption of prescription is solidary liability between two or more parties, then the plaintiff bears the burden of proving that solidary relationship. Younger v. Marshall Industries, Inc., 618 So.2d 866 (La.1993).
In the instant case it is clear that the defendants who appeal were added as parties to the lawsuit more than one year after the accident. The accident occurred on September 12, 1988. The first supplemental and amending petition was filed on May 20, 1991, and the second supplemental and amending petition was filed on December 19, 1993. Both petitions are untimely filed.
Nonetheless, both petitions alleged that the newly named defendants were liable in solido with the State, the sole defendant named in the original, timely filed suit. Suit against one solidary obligor interrupts prescription as to other solidary obligors. LSA-C.C. art. 3503; Lee v. Missouri Pacific Railroad Co., 540 So.2d 287 (La.1989); Younger v. Marshall Industries, Inc., supra. Thus, as lolong as the allegation of solidarity among the State and the other defendants remained viable, an exception of prescription was premature. However, if, after trial on the merits, it turns out that under the facts proven by plaintiff there is no solidary liability because the timely filed defendant is not found liable to plaintiff at all, then the exception should be maintained at that time. Younger v. Marshall Industries, Inc., supra; Pearson v. Hartford Accident & Indemnity Co., 281 So.2d 724 (La.1973). Because the State was found not liable and that decision is now final and definitive, the defendants cast in judgment by the jury cannot be liable in solido and, therefore, were untimely sued. Consequently, we sustain the defendants’ exception of prescription.
Plaintiff argues that this Court should reconcile the two inconsistent judgments, citing Bishop v. Shelter Insurance Co., 461 So.2d 1170 (La.), writ denied 465 So.2d 737 (La.1985); Thorton v. Moran, 343 So.2d 1065 (La.1977). However, plaintiffs argument fails to take into account the fact that only one judgment is before us. We are unable to review the first judgment of March 15, 1994 absolving the State from liability. That judgment was never appealed and is now final and definitive. Thus, it is beyond our jurisdiction. The only judgment on appeal in this matter is the judgment of the jury rendered on April 13, 1994 casting appellants in judgment. Further, because the State was found not liable by the trial judge, and, as a matter of law, the jury had no right or duty to adjudicate the fault of DHHR, there is no conflict between the two judgments. See Lasswell v. Matlack, Inc., 527 So.2d 1199 (La.App. 3 Cir.1988), writ denied 532 So.2d 104 (La.1988).
^Because we have sustained the exception of prescription as to the only two defendants made liable in the only judgment before this Court, there is nothing to review.
For the above reasons the judgment of April 13, 1994 is vacated.
JUDGMENT VACATED.

. At the time this suit was filed, LSA-R.S. 13:5105 did not afford plaintiff a right to request a jury trial against the state, state agency, or political subdivision of the state.