759 So.2d 51 (2000)
Jules ETIENNE, Sr.
v.
NATIONAL AUTOMOBILE INS. CO. and Carrie Sebastien.
No. 99-C-2610.
Supreme Court of Louisiana.
April 25, 2000.
Rehearing Denied June 16, 2000.
*52 Bennett Boyd Anderson, Jr., Lafayette, Counsel for Applicant.
Kraig Thomas Strenge, Lafayette, Counsel for Respondent.
TRAYLOR, J.[*]
This case involves an automobile accident in which the tortfeasor, Carrie Sebastien, struck the plaintiff, Jules Etienne, Sr., while driving her personal automobile in the course and scope of her employment. Plaintiff settled his claims against *53 the tortfeasor and her personal automobile insurance carrier and dismissed those claims against them with prejudice, leaving only the employer's insurer as a party to the suit. More than one year after the dismissal, plaintiff filed an amended petition to add the employer as a defendant. The employer and its insurer filed peremptory exceptions of prescription and no cause and no right of action, arguing that the claim against the employer had prescribed, and the claim against the commercial insurer should be dismissed for failing to comply with the provisions of the Direct Action Statute. We granted a writ of certiorari to decide whether the court of appeal reached the correct result in dismissing plaintiff's claims against the defendants. 99-2610 (La.12/17/99), 751 So.2d 866. After reviewing the record and briefs and hearing oral arguments on these issues, we affirm the judgment of the court of appeal.

FACTS AND PROCEDURAL HISTORY
Carrie Sebastien rear-ended the plaintiff, Jules Etienne, Sr., in an automobile accident on February 11, 1994 in Opelousas. Ms. Sebastien was driving her own car at the time of the accident, but she was in the course and scope of her employment with the law firm of Morrow, Morrow, Ryan and Bassett ("the Morrow firm"). On December 2, 1994, plaintiff filed a claim for personal injury against Sebastien and her personal automobile liability insurer, National Automobile Insurance Company ("National"). On February 8, 1995, plaintiff filed a first supplemental and amending petition to also name American Indemnity Company ("American") as a defendant as the alleged insurer of the tortfeasor. Subsequently, plaintiff settled his claims against Ms. Sebastien and National and dismissed them from the suit with prejudice on March 8, 1995. Plaintiff reserved his rights to proceed against American, believing American provided liability coverage to Ms. Sebastien in her capacity as an employee of the named insured, the Morrow firm. On February 26, 1997, nearly two years after Ms. Sebastien had been dismissed from the suit, Etienne filed a second supplemental and amending petition to assert a claim against the Morrow firm, alleging vicarious liability for the acts of the firm's employee, Ms. Sebastien.
The Morrow firm filed declinatory exceptions of insufficiency of citation and service of process, and peremptory exceptions of prescription and of no cause and no right of action, arguing the claim against the firm had prescribed because Ms. Sebastien, its employee, had been dismissed from the suit nearly two years earlier. Furthermore, the defendants argued the claim against American was not viable because the policy issued to the Morrow firm did not provide coverage for Ms. Sebastien's accident, even though she was in the course and scope of her employment at the time of the accident, and plaintiff did not otherwise comply with the Direct Action Statute.
The trial court denied the exceptions and the matter was set for trial. After a bench trial, the trial court entered judgment for plaintiff in the amount of $33,864.85,[1] subject to a credit of $6,666.66 for the amount he received from settlement with Ms. Sebastien and her personal insurer.
The defendants suspensively appealed this judgment. The Third Circuit Court of Appeal reversed, finding the trial court erred in overruling the exception of prescription. 98-1946 (La.App. 3d Cir.6/23/99), 747 So.2d 593, reh'g granted (La.App. 3d Cir.8/9/99). The court of appeal on its own motion noted that the Morrow firm, a necessary party, had not been joined timely and that the plaintiff had failed to comply with the Direct Action Statute, 22:655(B). As such, the court of *54 appeal dismissed plaintiff's claims against the Morrow firm and American.
The court of appeal subsequently granted rehearing for the sole purpose of clarifying its original opinion. On rehearing, the court explained that although the Direct Action statute does not require a claimant to file suit against the "named insured," filing suit against Carrie Sebastien still did not amount to compliance because Ms. Sebastien was not an insured under American's policy, which contains an exclusion precluding liability coverage for an employee who was driving an auto owned by that employee or a member of his or her household. The court of appeal found Ms. Sebastien was driving her own vehicle when the accident occurred and was therefore specifically excluded from coverage. Thus, plaintiff's act of filing suit against her did not constitute compliance with the Direct Action Statute.
Judge Peters concurred, indicating he did not believe compliance with the Direct Action Statute was the issue. Instead, Judge Peters indicated that when plaintiff added American as a defendant, that action did not interrupt prescription as to the Morrow firm because American did not provide coverage for the Sebastien vehicle. Because Sebastien was not covered under the policy for liability purposes, plaintiff's joining of American to the lawsuit had no effect on the liability of the Morrow Firm. Judge Peters noted the Morrow firm's only liability was in respondeat superior. Prescription began to run anew when Sebastien and National were dismissed from the suit, and plaintiff's attempt to amend his action and add the Morrow firm as a party defendant nearly two years later was insufficient. Thus, Judge Peters concurred with the majority's result of dismissing plaintiff's claims against American and the Morrow firm.
This issue now before us is whether the plaintiff's timely filed suit against Sebastien and American served to interrupt prescription against the Morrow firm, on the basis that the firm is solidarily liable with its employee and its insurer. For the reasons that follow, we find that it does not.

ANALYSIS

The Insurance Policy
Initially, we agree with the court of appeal's finding that the American insurance policy does not provide coverage to Ms. Sebastien for her accident. We are unpersuaded by plaintiff's argument that the "liability coverage" portion of the policy that denies coverage, when read with the "covered autos" portion of the policy that seemingly provides coverage, renders the policy ambiguous and therefore coverage should be afforded in plaintiff's favor.
Basic contract law mandates that if the words of an insurance policy are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent and the agreement must be enforced as written. La. C.C. art. 2046; Peterson v. Schimek, 98-1712 (La.3/2/99), 729 So.2d 1024, 1028. When the language of an insurance policy is clear, courts cannot alter its terms under the guise of interpretation. Louisiana Ins. Guar. Ass'n v. Interstate Fire & Cas. Co., 93-0911 (La.1/14/94), 630 So.2d 759, 764. Absent conflict with statutory provisions or public policy, "insurers, like other individuals, are entitled to limit their liability and to impose and to enforce reasonable conditions upon the policy obligations they contractually assume." Magnon v. Collins, 98-2822 (La.7/7/99), 739 So.2d 191, 196.
The policy is designated as a "Commercial Lines Policy" and provides only commercial automobile coverage to the Morrow firm. Pursuant to the Declarations page of the policy, the "Covered Autos Symbols" section indicates liability coverage is provided to automobiles described under Symbol # 1 as defined in Section I of the Business Auto Coverage Form. Symbol # 1 in Section I refers to "any *55 auto." However, under Section II, entitled "Liability Coverage", the policy excludes certain individuals from coverage. The pertinent portion of the policy reads:
SECTION II LIABILITY COVERAGE
1. WHO IS AN INSURED
The following are "insureds":
a. You for any covered "auto."
b. Anyone else while using with your permission a covered "auto" you own, hire, or borrow except:
(1) The owner or anyone else from whom you hire or borrow a covered "auto." ...
(2) Your employee if the covered "auto" is owned by that employee or a member of his or her household.
(emphasis added).
This language clearly indicates Ms. Sebastien, as an employee of the Morrow firm who was using a car she owned at the time of the accident, was not an insured for liability purposes. Plaintiff's argument that the policy is ambiguous and should therefore provide coverage for Ms. Sebastien's liability is without merit.

Solidary Liability
Plaintiff next argues that even if American's policy does not cover Ms. Sebastien, plaintiff's act of timely filing claims against Sebastien and American interrupts prescription as to the Morrow firm due to its solidary liability with its employee and its insurer. On the other hand, defendants contend that plaintiff's failure to reserve rights against the Morrow firm upon its release of Ms. Sebastien destroyed any solidary liability between the employee and employer, relying upon Sampay v. Morton Salt Co., 395 So.2d 326 (La.1981) to support that contention. Each of these arguments is faulty for the reasons that follow.
In Sampay, the plaintiff was injured in an automobile accident and filed suit against the driver and the driver's employer; however, plaintiff was unsure whether Morton Salt Company or Davis Truck Service employed the driver, so plaintiff timely filed suit against both companies and their respective liability insurers in the alternative. Sampay later settled his claims against the driver and against Davis Truck Service, but he reserved his rights to proceed against Morton. Morton then filed a motion for summary judgment, arguing that because Sampay had dismissed the driver, the release of the employee discharged Morton from any further liability as the driver's purported employer. Although summary judgment was granted, this court reversed, holding the plaintiff's release of the employee from suit did not preclude recovery against the remaining employer, overruling Williams v. Marionneaux, 240 La. 713, 124 So.2d 919 (1960). Sampay, 395 So.2d at 329.
The legislature seemingly codified our holding in Sampaythat dismissal of a solidary obligor from suit does not prohibit an obligee from proceeding against remaining solidary obligorsby enacting La. Civ.Code art. 1802.[2] The Revision Comments to La. Civ.Code art. 1802 further indicate an obligee need not reserve rights against remaining solidary obligors in order to proceed against those solidary obligors for fulfillment of the obligation.[3] Article *56 1802 encourages partial settlement agreements without resulting in the renunciation of any outstanding debt.
However, neither Sampay nor La. Civ. Code art. 1802 resolve the issues in this matter. In Sampay, the plaintiff had initially instigated timely claims against the employee and his purported employers. When Sampay dismissed the driver and one employer, the remaining employer was already a party to the suit, leaving no opportunity for prescription to run. Similarly, although an obligee need not reserve his rights pursuant La. Civ.Code art. 1802, the obligee cannot rely on these provisions to the exclusion of the remaining Code articles that require notice, pleading, and imposing limitations of prescription.
In the instant matter, the only basis upon which the Morrow firm could be liable to the plaintiff is under the doctrine of respondeat superior. Because the employer and employee are solidarily liable as to the victim, Sampay, 395 So.2d at 329, it was unnecessary to pursue a claim against the Morrow firm as long as its employee remained a party to the suit. Prescription against the Morrow firm was interrupted for as long as the claim against Sebastien remained viable. La. Civ.Code art. 1799 and art. 3503. However, plaintiff dismissed the Morrow firm's employee from the suit with prejudice on March 8, 1995. Thus, prescription against the Morrow firm was no longer interrupted after that date. Although plaintiff could have filed suit against the Morrow firm after Sebastien's dismissal without having reserved his rights to do so, he failed to file that claim in a timely fashion, causing it to prescribe. A claim that has prescribed cannot be revived. See Rizer v. American Surety & Fidelity Ins. Co., 95-1200 (La.3/8/96), 669 So.2d 387, 391, reh'g denied, (La.4/19/96).
Likewise, plaintiff's existing claim against American, who was not solidarily liable with Sebastien, does not serve to interrupt prescription against the Morrow firm because the claim against the firm had prescribed before the Morrow firm was named as a defendant. American had no obligation to the plaintiff and could not be considered an "obligor," solidary or otherwise. Filing suit against a party who is later determined to be without obligation to the plaintiff does not interrupt prescription against a purported solidary obligor who was not timely sued. Williams v. Northgate Hosp., 98-1477 (La. App. 3d Cir.5/5/99), 734 So.2d 1251, writ denied, 99-1588 (La.9/17/99), 747 So.2d 565. Moreover, while it is true that an insurer is solidarily liable with its insured, timely suit against one solidary obligor does not interrupt prescription that has run against a second solidary obligor. Rizer, 669 So.2d at 391; Bustamento v. Tucker, 607 So.2d 532, 536 n. 5 (La.1992); Noggarath v. Fisher, 557 So.2d 1036, 1037 (La.App. 4th Cir.1990).
We also reject plaintiff's argument that the amended pleadings adding the Morrow law firm should relate back to the amended petition as filed against American. Plaintiff's reliance on article 1153 and Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983) is misplaced. Article 1153 and the Ray criteria typically apply to determine if a supplemental petition relates back to the original in situations where the wrong party has been named as the original defendant, and not, as here, when additional solidary obligors are named.
LSA-C.C.P. art. 1153 is inapplicable to the situation where a plaintiff has timely sued and correctly named at least one *57 solidary obligor, or when articles of the Civil Code are applicable. See Gebhardt v. State of Louisiana, 94-838 (La.App. 5th Cir.3/15/95), 652 So.2d 150, 151-52, writ denied, 95-1235 (La.6/23/95), 656 So.2d 1033; Picone v. Lyons, 593 So.2d 829, 831-32 (La.App. 4th Cir.), reversed on other grounds, 601 So.2d 1375 (La.1992).
Suit against one solidary obligor interrupts prescription as to other solidary obligors, LSA-C.C. art. 3503. While the allegation of solidary liability is pending, the exception of prescription remains premature. However, if there is no solidary liability because the timely filed defendant is ultimately found not liable to plaintiff at all, then the exception should be maintained at that time. See Younger v. Marshall Industries, Inc., 618 So.2d 866 (La. 1993); Gebhardt, 652 So.2d at 152. Because we agree with the court of appeal's finding that the American insurance policy does not provide coverage to Ms. Sebastien, the Morrow firm cannot be liable in solido and, therefore, was untimely sued. Consequently, we sustain the defendants' exception of prescription.
In sum, plaintiff cannot "bootstrap" the Morrow firm into the lawsuit by timely naming American as a defendant. American's only potential liability arises from its contract of insurance with the Morrow firm, and the Morrow firm's only potential liability arises out of the doctrine of respondeat superior. However, plaintiff's vicarious liability claim again the Morrow firm was eliminated when plaintiff allowed that claim to prescribe after dismissing Sebastien and her insurer from the suit with prejudice. Thus, plaintiff has no cause of action against American.
Because we have determined the plaintiff's claims against the Morrow firm have prescribed and because plaintiff has no cause of action against American, we decline to address the Direct Action Statute.

DECREE
Accordingly, we find the result reached by the Third Circuit Court of Appeal is correct. Plaintiff's actions against American Indemnity Company and Morrow, Morrow, Ryan and Bassett are dismissed.
AFFIRMED.
CALOGERO, C.J., and KNOLL, J., dissent and assign reasons.
JOHNSON, J., dissents.
CALOGERO, Chief Justice, Dissenting.
The majority opinion holds that the plaintiff's vicarious liability claim against the Morrow law firm was eliminated when the plaintiff allowed that claim to prescribe after dismissing Sebastien and her insurer from the law suit with prejudice. I disagree. I believe that the timely suit against American Indemnity interrupted the running of prescription against the Morrow law firm; therefore, both the majority and the court of appeal have erroneously dismissed the plaintiff's claim against American Indemnity and the Morrow law firm. Notwithstanding my view, this court, at the very least, should remand the case for a determination as to whether American Indemnity is the insurer for the law firm's vicarious liability under this policy or any other policy issued by American Indemnity to the law firm.
In the instant case, the plaintiff initially filed suit against the defendant Sebastien and her liability carrier. During discovery conducted within the one-year prescriptive period, the plaintiff requested that the law firm produce insurance policies issued to the law firm purporting to cover Sebastien. After the law firm produced a policy issued by American Indemnity, the plaintiff, still within the one-year time period, amended his original pleading to name American Indemnity as a defendant, asserting that the company was an insurer of Sebastien. After the one-year period had run, the plaintiff settled with Sebastien and her liability insurer, but reserved his rights against American Indemnity. Prior to trial, the parties became aware that counsel *58 for each had different policies issued by American Indemnity: a personal policy issued to the law firm's senior partner and a commercial lines policy issued to the law firm. In a joint motion for continuance, the attorneys for the plaintiff and American Indemnity acknowledged the existence of the different policies and indicated that a coverage question had arisen upon this discovery. Thereafter, the plaintiff again amended his petition to name the law firm as a defendant in its capacity as the employer of Sebastien, alleging that the law firm was vicariously liable for its employee's negligence while in the course and scope of her employment.
If American Indemnity is the insurer for the Morrow law firm's vicarious liability in this accident, then the timely suit against American Indemnity, the Morrow law firm's solidary obligor, interrupted the running of prescription as to the law firm, regardless of the pleaded basis for American Indemnity's liability exposure. An insurer and his insured are obligors in solido. See Ray v. Alexandria Mall, 434 So.2d 1083, 1083 n. 1 (La.1983).[1] The interruption of prescription against one solidary obligor is effective against all solidary obligors. La. Civ.Code arts. 1799 and 3503. As we stated in Langlinais v. Guillotte, 407 So.2d 1215 (La.1981):
[I]t is well settled that under [former] La. Civ.Code art.2097 [now La. Civ.Code art. 1799], since an insurer and its insured are solidary obligors, suit timely filed against the insurer interrupts the running of prescription against the insured.
407 So.2d at 1218-19 n. 2 (citations omitted).
After finding that Sebastien was excluded as an "insured" under the commercial lines policy in the record, the majority passes over the question whether the commercial lines policy issued by American Indemnity to the law firm covers the law firm's vicarious liability for its employee's negligent operation of an otherwise "covered auto." Although Sebastien herself may have been excluded as an "insured" under the language of the commercial auto policy in Section II(A)(1)(b)(2), Sebastien's vehicle was a "covered auto" for purposes of liability coverage under Item 2 (Schedule of Coverages and Covered Autos) and Section I(A). American Indemnity in Section II(A) has contracted to "pay all sums an `insured' legally must pay as damages because of `bodily injury' or `property damage' to which this insurance applies, caused by an `accident' and resulting from the ownership, maintenance or use of a covered `auto.'" The law firm is certainly an "insured" under the policy, and Sebastien's vehicle was a "covered auto" that was being used in the course and scope of her employment with the law firm. Section II(B)(4) of the policy contains an exclusion for bodily injury to the "employee" acting in the course and scope of her employment, but it does not exclude coverage for bodily injury to a third party "where the `insured' may be liable as an employer or in any other capacity." These provisions, and their inherent ambiguity, lead me to conclude that the policy provides coverage for the law firm's vicarious liability for this accident. Because American Indemnity, as the law firm's insurer, is an obligor in solido with the Morrow law firm for this accident, the plaintiff's timely petition against American Indemnity interrupted prescription as to its insured, the law firm.[2]
*59 At any rate, there has been no factual determination by the lower courts as to whether American Indemnity is the insurer for the law firm's vicarious liability for this accident under this or any other policy issued by American Indemnity to the law firm. The burden of proof is usually on the party pleading prescription; however, if on the face of the petition it appears that prescription has run, then the burden shifts to the plaintiff to show that a suspension or interruption of the prescriptive period. Younger v. Marshall Industries, Inc., 618 So.2d 866, 869 (La.1993). If the plaintiff's basis for claiming interruption of prescription is solidary liability between two or more parties, then the plaintiff bears the burden of proving that solidary relationship. Id. Here, the issue of whether American Indemnity and the law firm are solidary obligors has not yet been tried. The plaintiff was apparently never required to prove that the commercial lines policy covered the law firm's vicarious liability exposure for this accident during which a "covered auto" was involved. Nor was the plaintiff given an opportunity to amend the pleadings and introduce a general liability policy issued by American Indemnity to the law firm, assuming such a policy exists. That the plaintiff may have initially sued American Indemnity ostensibly as the employee's direct insurer does not preclude the plaintiff from amending his suit to assert the actual insured for whom American Indemnity stands in under this policy or any other applicable policy.
Lastly, the appellate court correctly observed that the plaintiff was required to join both American Indemnity and its insured, the law firm, because none of the conditions set forth in the recently amended Direct Action Statute were present in this case. See La.Rev.Stat. 22:655. However, the plaintiff did properly amend his original pleading and join the Morrow law firm prior to trial. The trial court specifically found that "the plaintiff's addition of Morrow, Morrow, Ryan and Bassett as a named defendant was timely and proper."
For the reasons noted above, I would conclude that prescription was interrupted when the amended petition was filed naming the law firm as a defendant. Alternatively, pretermitting for the time being the prescription issue, we ought to remand the case for a determination on the issue of whether American Indemnity and the law firm are solidary obligors.
KNOLL, Justice, dissenting.
I respectfully dissent from the majority's opinion. An insurance policy is a contract between the parties and should be construed using general rules of construction of contracts provided in the Code. Lewis v. Hamilton, 94-2204 (La.4/10/95), 652 So.2d 1327. The interpretation of a contract is the determination of the common intent of the parties. Courts must give the words of a contract their generally prevailing meaning. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the intent of the parties. LA. CIV.CODE arts. 2045-2047. However, if ambiguity remains after applying our general rules of construction, ambiguous provisions are to be construed against the insurer who issued the policy and in favor of the insured. Crabtree v. State Farm Ins. Co., 93-0509 (La.2/28/94), 632 So.2d 736. I agree that the policy excludes, as an insured, an employee if the covered auto is owned by the employee. It does not, however, exclude the employee's car as a covered auto. Thus, a separate and distinct question remains whether the policy provides coverage for the vicarious liability to the Morrow law firm. This is a conceptional distinction that the majority opinion fails to remedy. In my view, the policy creates an ambiguity as to whether American Indemnity's Commercial Auto policy provides coverage for the vicarious liability to the Morrow law firm when comparing Section II(A), Section II(1)(a), and Section II(1)(b)(2). As such, I would hold *60 that the timely suit filed against American interrupted the running of prescription against the law firm.
NOTES
[*] Lemmon, J. not on panel. Rule IV, Part 2, § 3.
[1] The trial court awarded $18,000 in general damages, $7,661.20 in lost wages, and $8,203.65 in medical expenses.
[2] Acts 1984, No. 331 enacted La. Civ.Code art. 1802, which provides:

Renunciation of solidarity
Renunciation of solidarity by the obligee in favor of one or more of his obligors must be express. An obligee who receives a partial performance from an obligor separately preserves the solidary obligation against all his obligors after deduction of that partial performance.
[3] The pertinent Revision Comments to La. Civ.Code art. 1802 provide:

(a) This Article ... eliminates the presumption of renunciation or waiver of solidarity in the absence of a reservation by the obligee and, as a consequence, the requirement of a receipt extended in a particular manner. The rule in the Article is consistent with the principle that a party should not be presumed to have given up a right.
* * *
(d) Under this Article, solidarity is preserved when an obligee accepts a partial performance from one obligor, and the obligee retains his right of action against the solidary obligors for the balance, regardless of whether the amount he received from the first obligor equaled the latter's portion, or was less or more than that portion.
[1] In Ray, this court observed that "[u]nder Louisiana law, an insured and his liability insurer are solidarily liable, and suit against one solidary obligor interrupts prescription as to all, even if they are not named in the original complaint." 434 So.2d at 1083 n. 1.
[2] The majority makes no determination as to whether American Indemnity and the Morrow law firm, solidary obligors as insurer and insured, were also solidarily obligated with the law firm's employee, Sebastien, because all three were "obliged to the same thing," i.e., total reparation for the plaintiff's injuries. See Sampay v. Morton Salt Co., 395 So.2d 326, 328 (La.1981).