United States Court of Appeals
Fifth Circuit

**F I L E D**

June 9, 2004

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

_____

No. 03-30887
c/w No. 03-31003
Summary Calendar

_____

JOHN BATIESTE, on Behalf of the Braziel Baptist Church;
MARY PAYTON; OCTAVIA PAYTON; ELOISE STEPHENS; GAIL LOCKETT;
EVELYN SMITH; ALVIN LOCKETT; JOHNNY LOCKETT; MICHAEL LOCKETT;
TYRONE LOCKETT; MARYANN BROWNFIELD; NOAH LOCKETT, JR.; NORRIS
LOCKETT; VALERIE LOCKETT,

Plaintiffs-Appellants,

versus

UNITED STATES OF AMERICA; ET AL.,

Defendants,

UNITED STATES OF AMERICA,

Defendant-Appellee.

*****************************************

JOHN BATIESTE, on behalf of the Braziel Baptist Church;
MARY PAYTON; OCTAVIA PAYTON; ELOISE STEPHENS; GAIL LOCKETT;
EVELYN SMITH; ALVIN LOCKETT; JOHNNY LOCKETT; MICHAEL LOCKETT;
TYRONE LOCKETT; MARYANN BROWNFIELD; NOAH LOCKETT, JR.; NORRIS
LOCKETT; VALERIE LOCKETT,

Plaintiffs-Appellants,

versus

UNITED STATES OF AMERICA; ET AL.,

Defendants,

ATCHAFALAYA BASIN LEVEE DISTRICT,

Defendant-Appellee.

**Appeals from the United States District Court
Middle District of Louisiana
(02-CV-99)**

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges

PER CURIAM:[*]

Plaintiffs appeal both the dismissal of their claims against the United States (lack of subject matter jurisdiction) and the summary judgment awarded the Atchafalaya Basin Levee District (prescription). (Although Plaintiffs' notice of appeal from the dismissal of claims against the United States was filed prematurely, we have jurisdiction over that appeal. *See Young v. Equifax Credit Info. Servs. Inc.*, 294 F.3d 631, 634 n.2 (5th Cir. 2002). We *sua sponte* consolidate the appeals. FED. R. APP. P. 3(b)(2).)

Contrary to Plaintiffs' contentions, the district court determined correctly that R. Christopher Goodwin and Associates was an independent contractor under the Federal Tort Claims Act, 28 U.S.C. § 1346(b). The scope of work document did not give the United States the requisite control in order for Goodwin to be considered an employee under the Act. *See Logue v. United States*, 412 U.S. 521, 529-30 (1973). Moreover, the majority of the remaining factors we must consider under *Linkous v. United States*,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

142 F.3d 271, 276 (5th Cir. 1998), weigh in favor of independent-contractor status. Because the United States has waived its sovereign immunity under the Act only as to acts of employees, not independent contractors, and the claimed wrongful acts were not committed by Government employees, the district court properly dismissed the claims against the United States for lack of subject matter jurisdiction. *Id*. at 275.

Plaintiffs contend, for the first time on appeal, that the district court failed to consider their claim of "independent negligence" on the part of the United States. Because Plaintiffs do not present any extraordinary reason why they should be allowed to present this claim for the first time in this appeal, we decline to consider it. *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

Even if the United States and the District were solidary obligors as to the 1999 excavation, the timely filing of Plaintiffs' claims against the United States does not interrupt prescription as to the District. As stated, the district court correctly dismissed the claims against the United States. Plaintiffs acknowledge: "Filing suit against a party who is later determined to be without obligation to the plaintiff does not interrupt prescription against a purported solidary obligor who was not timely sued". *Etienne v. National Auto. Ins. Co.*, 759 So. 2d 51, 56 (La. 2000).

Finally, the doctrines of equitable tolling and *contra non valentem* do not suspend the running of prescription for Plaintiffs' claims against the District. Plaintiffs do not claim that it misled them regarding their ownership and maintenance of the levee, nor do they claim they were prevented in some extraordinary way from asserting their rights against the District. *See **Cousin v. Lensing***, 310 F.3d 843, 848 (5th Cir. 2002), *cert. denied*, 123 S. Ct. 2277 (2003). Furthermore, Plaintiffs' claims against the District were reasonably knowable, because a search of the public records would have revealed the District's involvement in the Bayou Goula Bend Levee. *See **Wimberly v. Gatch***, 635 So. 2d 206, 210-11 (La. 1994).

**AFFIRMED**