| .DOWNING, J.
The subject of this lawsuit is an accidental shooting that occurred at Marie Rome’s *679 residence on August 11, 2000. Plaintiff appeals a trial court judgment that granted an exception of prescription in favor of Stephen Rome and Metropolitan Property and Casualty Insurance Company (Metropolitan), which was sued in its capacity as his insurer. Stephen Rome was named for the first time in an amending petition filed January 15, 2004. Metropolitan, in its capacity as Marie Rome’s insurer, was named on August 10, 2001, in the original petition.[1] For the following reasons, we reverse the trial court judgment.
In the original petition for wrongful death, the named defendants were Marie Rome, Stephen’s mother and owner of the house where the shooting occurred, her insurer Metropolitan, and Brandon Dean, the young man who actually fired the handgun. Dean and his insurer settled with plaintiff. Mrs. Rome and her insurer, Metropolitan, filed a motion for summary judgment on November 24, 2003.
On January 15, 2004, while the summary judgment motion was pending, plaintiff filed a third amending petition naming for the first time Stephen Rome and naming Metropolitan again in its capacity as Stephen Rome’s insurer, asserting that they be held liable jointly and in solido with the other named defendants. On March 15, 2004, Mrs. Rome’s motion for summary judgment was heard. The motion was granted, and judgment was signed March 17, 2004, dismissing Mrs. Rome and Metropolitan, in its capacity as her insurer, from the lawsuit. The judgment specifically reserved plaintiffs rights against Stephen Rome and Metropolitan insofar as it may be his insurer.
laOn April 16, 2004, Stephen Rome and Metropolitan filed an exception of prescription, alleging that plaintiffs were barred by the one-year prescriptive period established by LSA-C.C. art. 3492. The motion was heard on March 15, 2004. The trial court concluded as a matter of law that suit against Metropolitan in its capacity as Mrs. Rome’s insurer did not interrupt prescription against Metropolitan in its capacity as Stephen Rome’s insurer citing Trahan v. Liberty Mutual Insurance Company, 314 So.2d 350 (La.1975). The trial court then found that the petition was prescribed on its face since Stephen Rome was not named in the original petition nor mentioned until January 15, 2004. The trial court found that plaintiff had not proved that the claim against Stephen Rome and the insurer related back to the original petition as specified under the Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983), factors. The trial court determined that Stephen Rome was a totally new party who would be unduly prejudiced in maintaining a defense on the merits by being brought into the lawsuit after so much time had elapsed.
Plaintiffs’ only issue on appeal is whether the trial court erred in sustaining defendants’ exception of prescription. Particularly, they first argue that prescription was interrupted because the amended petition was filed before Mrs. Rome, the other defendant had been dismissed and before Metropolitan had been partially dismissed. Appellants argue that the court relied erroneously on Trahan, in concluding that prescription was not interrupted. We agree.
LSA-C.C. art. 3503 provides the following in pertinent part:
When prescription is interrupted against a solidary obligor, the interruption is effective against all solidary obli-gors and their successors.
LSA-C.C. art. 2324 C provides:
*680 | ¿Interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors.
Thus, under normal rules regarding interruption of prescription, suit can be filed at any time against an obligor solidary with a named defendant. Etienne v. National Automobile Ins. Co., 99-2610, p. 6 (La.4/25/00), 759 So.2d 51, 56, involved an automobile accident and similar legal issues dealing with interruption of prescription where solidary obligors were named in an earlier suit. The Etienne court held that the initially instigated timely claims against the driver and one employee interrupted prescription as to the other solidarily-liable employees because the employer was already a party to the lawsuit, leaving no opportunity for prescription to run. The court concluded that because the employer and employees were solidarily liable as to the victim, it was unnecessary to pursue a claim against the others, as long as the employer remained a party to the suit. The court ruled that prescription remained interrupted for as long as the claim against the originally named parties was viable. Id. A timely filed suit against either a defendant or his solidarily-liable insurer interrupts prescription against both of them. Pearson v. Hartford Accident & Indemnity Co., 281 So.2d 724, 726 (La.1973). See also Baker v. Payne & Keller of La., 390 So.2d 1272 (La.1980), where the court held that the amendment to a timely filed petition related back to the date the original pleading was filed.
Specifically, as to whether this suit against Metropolitan interrupted prescription against Stephen Rome, see Langlinais v. Guillotte, 407 So.2d 1215, 1218 n. 2 (La.1981). The Langlinais court held that the timely filed tort suit against an automobile owner, in his individual capacity, and his insurer in solido, interrupted prescription that might have otherwise run on | ¡^plaintiff s amended petition against the owner’s daughter. The holding reads as follows:
It is well settled that under La.C.C. art 2097,[2] since an insurer and its insured are solidary obligors, suit timely filed against the insurer interrupts the running of prescription against the insured. Therefore, unlike the situation in Tra-han, the timely filing of the plaintiffs original petition asserting the cause of action against [insurer], the insurer of the vehicle involved in the accident, interrupted the running of prescription against the [insured]... (citations omitted). Id.
Here, Stephen Rome and Metropolitan were named while the timely filed suit against Marie Rome and Metropolitan, as the insurer in solido, was still pending. Even so, Stephen Rome and Metropolitan argue that based on Trahan, the rule that solidary liability interrupts prescription does not apply due to Metropolitan’s separate capacities as the insurer of Mrs. Rome and as the insurer of Stephen Rome.
The legal issues presented in Trahan concerned whether one lawsuit, litigated to completion in favor of all named defendants, interrupted prescription as to an otherwise untimely second lawsuit filed against different defendants. The issues considered in Trahan were whether a second lawsuit filed after prescription had run related back to the filing of the original petition and whether the rule providing timely suit against one solidary obligor interrupted prescription on the second suit.
Stephen Rome and Metropolitan specifically point to the language used in Trahan *681 saying that, “insurers are liable only in their capacities as insurers of their respective insureds.” However, in Baker, 390 So.2d at 1274, the supreme court instructed that this statement was made in explaining why LSA-C.C. art 2097, did not require a finding that the first suit interrupted prescription against the new defendant in the second suit. The Court observed that the first suit had gone to final judgment; those six | ¡¡named executive officers and their insurers, in that capacity, were absolved, and could not, therefore, be solidary debtors with [defendant]; those executive officers had never been indebted to plaintiffs. The Court then noted that 36 La.L.Rev. 382, 386, properly interpreted Trahan in saying that it “led to the conclusion that a timely suit against an ‘answerable’ defendant, financially responsive for the acts of a tortfeasor, will interrupt prescription as to that tortfeasor even though he might not himself be sued until well after the prescriptive period has expired .... ”
We observe that in the instant case, as in Baker, the insurer was never dismissed from the lawsuit, whereas in Trahan there was a valid judgment dismissing all the named defendants. In Baker, as here, the judgment retained the insurer in the lawsuit. In Baker, as here, the insurer was being sued in its capacity as insurer of the new defendants. Accordingly, we conclude that the holding in Trahan is inapplicable to the matter before us under the facts presented.
We recognize it may be good policy to have the insurers’ solidarity be based on that insurers’ capacity with its insured, but we can find no legislation or jurisprudence to support this interpretation of the law. At the time Stephen Rome was added as a party defendant, Metropolitan was already a named defendant. The amended petition asserts Stephen Rome’s solidary liability with Metropolitan, regardless of whether the other named defendants with whom solidarity was alleged were later dismissed.
Under Trahan, a filing of suit against Metropolitan and Stephen Rome after Metropolitan and the other named defendants had been dismissed would not have interrupted prescription against either. Here, however, under the Louisiana Civil Code and interpretive jurisprudence, we must reach a result contrary to Trahan. Mrs. Rome and Metropolitan were 17named defendants against whom suit was timely filed. Stephen Rome was sued as a soli-dary obligor with Metropolitan while prescription was interrupted against Metropolitan. Therefore, suit against Stephen Rome and Metropolitan had not prescribed when the amended petition was filed.
We respect defendant’s argument that Metropolitan’s capacity rather than its personality should control interruption of prescription, as pertinent here. However, we find no basis in law for doing so. Perhaps the legislature should amend the law so that an insurer’s capacity controls interruption of prescription. But without such legislation, we are constrained to apply the law as it relates to interruption of prescription against solidary obligors.
Because we conclude that the suit against Stephen Rome and Metropolitan was timely filed, we pretermit discussion of whether plaintiffs’ claims against Stephen Rome and Metropolitan relate back to the original petition under the Ray v. Alexandria Mall factors. Accordingly, the assignment of error has merit, and we reverse the trial court judgment.
DECREE
For the above reasons, the judgment of the trial court sustaining the exception in favor of Stephen Rome and Metropolitan is reversed. The costs of this appeal are *682 assessed against the defendants, Stephen Rome and Metropolitan Property and Casualty Insurance Company.
REVERSED.
CARTER, J., concurs.
GAIDRY, J., concurs.

. Tanya Kinchen, mother of the deceased, brought this suit.

. This article is given accord in current LSA-C.C. art. 3053, which did not change the law.