VICTORY, J.,
dissenting from the denial of rehearing.
hi dissent from the denial of rehearing for the same reasons stated in my original *774 dissent — mainly, the employer and third party tortfeasor are not solidary obligors because they are not each liable for the whole performance. La. C.C. art. 1794 (“An obligation is solidary for the obligors when each obligor is liable for the whole performance”).[1] Williams v. Sewerage & Water Bd. of New Orleans, 611 So.2d 1383 (La.1993) was wrong to hold otherwise, but at least in Williams a workers’ compensation suit was filed against the employer for which the employer was liable. This case extends the error of Williams by holding that prescription will be interrupted by the filing of a suit for which the timely sued defendant is not even liable, much less solidarily liable. It is this clearly erroneous aspect of the majority opinion that I write separately about today.
After being injured in a workplace well explosion on September 27, 2007, plaintiff filed a tort suit in the district court against PAR Minerals, and served it within the one year prescriptive period. On May 4, 2009, after that one-year period had elapsed, plaintiff filed a supplemental and amending petition against Pipe |2Services, claiming Pipe Services was actually the employer of the person plaintiff alleged was responsible for the accident. A month later, PAR Minerals filed a motion for summary judgment, arguing it was plaintiffs statutory employer and therefore should be dismissed from the suit because it was immune from tort liability. The court granted PAR Mineral’s motion for summary judgment, and dismissed it from the lawsuit. Thereafter, the district court granted Pipe Service’s exception of prescription, finding prescription was not interrupted because there was no timely filed suit against a joint tortfeasor or soli-dary obligor as PAR Minerals was dismissed from the suit. The court of appeal affirmed.
Even though the timely sued defendant was dismissed, a majority of this Court now finds that prescription was interrupted as to Pipe Services because a suit was timely filed and served upon PAR Minerals within the prescriptive period in an incompetent court under La. C.C. art. 3462.[2] However, suit was filed in a court of competent jurisdiction and proper venue; it just was filed against a party who was not liable because it had a meritorious defense. This Court has long held that a timely filed suit against one defendant does not interrupt prescription against a non-timely sued defendant claimed to be solidarily liable if the timely sued defen *775 dant is dismissed from the lawsuit because it is not liable. See e.g., Renfroe v. State ex rel. Dept. of Transp. and Development, 01-1646 (La.2/26/02), 809 So.2d 947, 950; Etienne v. National Auto Ins. Co., 99-2610 (La.4/25/00), 759 So.2d 51; Miller v. 708 So.2d 418; Rizer v. American Sur. and Fidelity Ins. Co., 95-1200 (La.3/8/96), 669 So.2d 387; Younger v. Marshall Industries, Inc., 618 So.2d 866, 869 (La.1993); Picone v. Lyons, 601 So.2d 1375 (La.1992); Spott v. Otis Elevator Co., 601 So.2d 1355 (La.1992); Pearson v. Hartford Accident & Indemnity Co., 281 So.2d 724, 726 (La.1973). The reason for this is that the party dismissed is not obligated at all to pay the damages sought in the lawsuit; therefore, he cannot possibly be solidarity obligated with the late-filed defendant. See La. C.C. art. 1794 (in order for an obligation to be solidary, each obligor must be “liable for the whole performance”); Renfroe, supra (“a suit timely filed against one defendant does not interrupt prescription as against other defendants not timely sued, where the timely sued defendant is ultimately found not liable to plaintiffs, since no joint or solidary obligation would exist”). Even when the timely sued defendant is found not liable after a trial on the merits, the non-timely sued defendant may re-urge his exception of prescription at that time. Younger, supra at 869; Frank L. Maraist, Louisiana Civil Laiv Treatise: Vol. 1, Civil Procedure, § 6.7, p. 177, n. 90 (2nd Ed.2008). This Court has often remanded cases with the caveat that if the timely served defendant is ultimately dismissed because it is found to be not liable, the late served defendant can re-urge his exception of prescription at that time. See e.g., McDaniels v. Allison, supra. Here, PAR Minerals was found to be immune from liability on summary judgment and was dismissed; therefore, the trial court Rivers, 98-1086 (La.6/5/98), 720 So.2d 673; McDaniels v. Allison, 97-2572 (La.4/9/98), correctly granted Pipe Services’ exception of prescription.
Instead of addressing the above line of cases, the majority talks about “fact pleading” in this matter it labeled a “tort suit,” Op. at pp. 766, 769, stating it is of “no enumerates tort damages rather than workers’ compensation benefits,” because “it is not necessary for the plaintiff to plead the theory of his case in the petition.” Op. at 771. Apparently it does this in an attempt to say that this tort suit should also be construed as a workers’ compensation suit so that it falls under Williams. However, even if this argument were correct, the plaintiff must plead all theories of his case against a defendant before that defendant is dismissed with prejudice from the lawsuit. Once that happens, that defendant can no longer be liable to the plaintiff on any cause of action arising out of the transaction or occurrence that is the subject matter of the litigation. See La. R.S. 13:4231 (A valid and final judgment in favor of the defendant is conclusive between the same parties and all causes of action existing at the time of the final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action). |4moment that Mr. Glasgow’s petition
PAR Minerals was dismissed from this tort suit because its statutory defense gave it immunity from any tort liability, therefore, it should not be classified as solidarity liable merely for the purpose of interrupting prescription. For these reasons, as well as the reasons expressed in my previous dissent, I dissent from the denial of rehearing in this case.

. The majority relies on La.C.C. art. 1797 to support its finding of a solidary obligation here, but that reliance is misplaced. Even though the obligation may be solidary if it derives from a different source for each obli-gor, the requirements of La.C.C. art. 1794 must still be met.

. As argued by Pipe Services in its application for rehearing at page 3, footnote 2, suit against PAR Minerals was not filed in an "incompetent court.” The majority opinion recognizes that a "competent court” is "a court which has jurisdiction over the subject matter of, and is the proper venue for, the action or proceeding,” but finds the district court to be incompetent because it "would not have been competent to render a tort judgment against a party that is immune from tort,” and "would be incompetent to render the only remedy available from a statutory employer [workers' compensation benefits].” Op. at 769. However, no one was asking for workers’ compensation benefits in this tort suit, and clearly, a district court is the court of proper subject matter jurisdiction for a tort suit. The fact that it could not render a tort judgment against PAR Minerals because PAR Minerals had a meritorious statutory employer defense does not mean the court is incompetent, it just means the defendant is not liable in tort. In addition, if it were an incompetent court, prescription would only be interrupted "as to a defendant served with process within the prescriptive period,” i.e., PAR Minerals, not Pipe Services. La.C.C. art. 3462.